IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case Number: 3:24-cv-00423 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant,* | § | |

**UNITED STATES' MOTION TO TRANSFER VENUE, OR, IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE**

In an apparent matter of first impression in this circuit, this Court must address the proper venue for a non-resident U.S. citizen in a tax refund suit. The proper venue for taxpayer refund suits is where the taxpayer "resides." A federal statute commands courts to treat nonresident citizens as "residing" in the District of Columbia.

Plaintiff Antonio Cesar Fuentes, a U.S. citizen who resides in Mexico, sued in the Western District of Texas—a place he has never lived. Thus, the Court should transfer his suit to the District of Columbia or dismiss it.

## I. BACKGROUND

Antonio Cesar Fuentes, a U.S. citizen, has sued the United States to recover a 2010 civil tax penalty. Compl. ¶ 6, Nov. 25, 2024, ECF No. 1. In doing so, he chose to file his suit in the Western District of Texas. *See generally* Compl. But he does not live in Texas—and never has. *Id.* ¶ 9. He grew up in Ciudad Juárez, Mexico. *Id.*

¶ 8. Fuentes "has never owned a home in the United States. He has always ***lived*** in Mexico." *Id.* ¶ 9.

## II. LEGAL STANDARD

### A. Transfer Venue when Plaintiff Files Suit in an Improper Venue - 28 U.S.C. § 1406(a)

Section § 1406 authorizes courts to dismiss cases filed in the wrong venue. "But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (quoting 28 U.S.C. § 1406(a)). And this discretion is "broad." *Id.* at 897.

"Rule 12(b)(3) provides the applicable legal standard for motions to dismiss under § 1406(a)." *Silva v. Frankford Crossing Shopping Ctr., TX, LP*, No. 3:12-CV-2046-O-BH, 2013 WL 1264155, at *3 (N.D. Tex. Feb. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2046-O, 2013 WL 1281571 (N.D. Tex. Mar. 28, 2013).

### B. Federal Rule of Civil Procedure 12(b)(3) – Dismiss for Improper Venue

Under Rule 12(b)(3), a party may move to dismiss an action based on improper venue. Fed. R. Civ. P. 12(b)(3). "Once challenged, the burden of sustaining venue lies with the plaintiff." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) (Sparks, J.). When deciding a Rule 12(b)(3) motion, the "well-pleaded factual allegations in the complaint are taken as true" and viewed in "the light most favorable to the plaintiff." *McDonnel Grp.,*

*L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 (5th Cir. 2019) (citation omitted).

## III. ARGUMENT

The Court should begin its analysis by first deciding whether to transfer venue before dismissal. "A court hearing a motion to dismiss or transfer venue will generally first rule on the motion to transfer venue because a decision to transfer the case will render moot the motion for a Rule 12(b)(3) dismissal." *Hanna v. United States*, No. CV 19-12436, 2020 WL 68611, at *2 (E.D. La. Jan. 7, 2020). As discussed below, the Court should transfer Fuentes's suit to the District of Columbia. If the Court chooses not to transfer the case, the Court should dismiss Fuentes's suit.

### A. The Court should transfer case to the District of Columbia

1. <u>*Venue for tax refund cases is where taxpayer resides*</u>

Fuentes seeks to recover a refund for a civil tax penalty under the internal-revenue laws against the United States. Compl. ¶ 45; *see also* 28 U.S.C. § 1346(a). Section 1346(a) is the statute that gives jurisdiction to sue the United States in tax refund cases.

Relatedly, § 1402(a)(1), which cross-references § 1346(a), provides for the proper venue when the United States finds itself a defendant in such a suit. 28 U.S.C. § 1402(a)(1). The taxpayer must "only" prosecute his claims "in the judicial district where the plaintiff ***resides***." 28 U.S.C. § 1402(a)(1) (emphasis added); *see also Ciccotelli v. United States*, 545 F. Supp. 2d 609, 611 (W.D. Tex. 2008) (Martinez, J.) (citation omitted).

By his own words and taking his allegations as true, Fuentes, a U.S. citizen, does not reside in the Western District of Texas—the place where he filed this suit. Compl. ¶¶ 6, 9; *see also McDonnel Grp., L.L.C.*, 923 F.3d at 430. Thus, the Western District of Texas cannot serve as the proper venue. Indeed, Fuentes does not reside anywhere else in the United States. Compl. ¶ 9 (Fuentes has "never owned a home in the United States. He has ***always lived*** in Mexico." (emphasis added)). If he did, the analysis would be simple. The Court would simply transfer this suit to that part of the country. *See, e.g.*, *Ciccotelli*, 545 F. Supp. 2d at 611 (transferring case from Western District of Texas to taxpayer's residence of Eastern District of Pennsylvania).

2. *Federal law treats a non-resident Citizen as residing in the District of Columbia*

So where does a non-resident U.S. citizen reside? To answer this question, one must look to federal law.

The Fifth Circuit has recognized that Title 26, or the Internal Revenue Code, "contains many cross-references" and has "convoluted syntax." *Burnett Ranches, Ltd. v. United States*, 753 F.3d 143, 148 (5th Cir. 2014). Yet the Fifth Circuit has instructed courts to "give each word its ordinary meaning unless it is a term of art expressly defined in the statute." *Id*. And in applying the statutory canon against surplusage, courts "give effect, if possible, to every clause and word of a statute." *Advoc. Health Care Network v. Stapleton*, 581 U.S. 468, 478 (2017) (citation omitted).

The Internal Revenue Code provides explicit guidance on where Fuentes—a non-resident citizen—***resides***:

> "If any citizen . . . of the United States does not reside in (and is not found in) any United States judicial district, such citizen . . . shall be treated as ***residing in the District of Columbia*** for purposes of any provision of [Title 26] ***relating to—jurisdiction of courts*** . . . .

26 U.S.C. § 7701(a)(39)(A) (emphasis added). A closer look into these two phrases—(1) "residing in the District of Columbia" and (2) "jurisdiction of courts"—dictate that the Court should transfer Fuentes's suit to the District of Columbia.

First, Congress makes explicit where nonresident citizens "reside." 26 U.S.C. § 7701(a)(39)(A). "Where Congress employs a term of art obviously transplanted from another legal source, it brings the old soil with it." *George v. McDonough*, 596 U.S. 740, 746, (2022) (cleaned up).

| **Venue Statute when United States is a Defendant** | **Definitions** |
|---|---|
| 28 U.S.C. § 1402(a)(1) | 26 U.S.C. § 7701(a)(39)(A) |
| "Any civil action in a district court against the United States . . . may be prosecuted only . . .in the judicial district where the plaintiff ***resides***" | "If any citizen . . . of the United States does not reside in (and is not found in) any United States judicial district, such citizen . . . shall be treated as ***residing*** in the District of Columbia" |

Employing the same word "reside" is intentional. "This Court does not lightly assume that Congress silently attaches different meanings to the same term in the same or related statutes." *Azar v. Allina Health Servs.*, 587 U.S. 566, 574 (2019). Congress could have chosen to give the Court of Federal Claims jurisdiction over nonresidents. *See Seacor by Seacor v. Sec'y of Dep't of Health & Hum. Servs.*, 34 Fed. Cl. 141, 144 (1995) ("[T]he Court of Federal Claims . . . [is] a court of national

jurisdiction . . . ."); *see also* UNITED STATES COURT OF FEDERAL CLAIMS, Court Info, *available at* https://www.uscfc.uscourts.gov/court-info (last visited February 28, 2025) ("The United States Court of Federal Claims is a court of record with national jurisdiction."). Instead, Congress opted to treat nonresidents as ***residing*** in a specific place: the District of Columbia. Thus, to "give effect" to § 7701(a)(39)(A), the Court should treat Fuentes "as residing in the District of Columbia." *See Advoc. Health Care Network*, 581 U.S. at 478.

Second, Congress has directed that § 7701(a)(39)(A) applies to the "jurisdiction of courts." "Statutory language [such as § 7701(a)(39)(A)] cannot be construed in a vacuum." *See Sturgeon v. Frost*, 577 U.S. 424, 438 (2016) (citation omitted). The Court must read the § 7701(a)(39)(A)'s words "in [its] context and with a view to [its] place in the overall statutory scheme." *See id.* "When interpreting a statute, [the Court should] examine related provisions in other parts of the U.S. Code." *Boumediene v. Bush*, 553 U.S. 723, 776 (2008).

The related statute that establishes the prerequisites for "jurisdiction of courts" to taxpayers pursuing a refund suit is 26 U.S.C. § 7422. *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018) (holding a taxpayer "must comply with the jurisdictional requirements in" 26 U.S.C. § 7422).[1] To be sure, though not the same,

---

[1] "[B]efore a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax, file an administrative claim for refund with the IRS, and wait until either the IRS denies the claim or six months have expired since filing the administrative claim." *Fletcher v. United States*, 452 F. App'x 547, 552 (5th Cir. 2011) (citing 26 U.S.C. § 6532(a) (imposing the temporal requirement); § 7422

(continued...)

venue and jurisdiction are "interrelated." *See El Paso Healthcare Sys., Ltd. v. Molina Healthcare of New Mexico, Inc.*, No. CIV.A.309CV54KC, 2009 WL 1743221, at *9 (W.D. Tex. May 1, 2009) (Cardone, J.) (noting that "reasonableness for personal jurisdiction are also found in the traditional venue analysis, and as the questions of venue and reasonableness are interrelated").[2] As a result, the reference to the jurisdiction of the courts in § 7701(a)(39)(A) further supports the conclusion that its definition of where a taxpayer "resides" also applies to venue considerations in this tax refund suit.

3. <u>*The Court should transfer to the District of Columbia in the interest of justice*</u>

In the interest of justice, the Court should transfer to the District of Columbia because Fuentes's refund claim "appears non-frivolous." *See Moler v. Wells*, 18 F.4th 162, 167 n.8 (5th Cir. 2021) (remanding to district court to determine proper venue); *see also* 28 U.S.C. § 1406(a). Setting aside the merits of Fuentes's claim, his Complaint contains affidavits, tax returns, and other pieces of evidence, which suggest non-frivolousness. *See generally* Compl.

---

(requiring that a taxpayer file an administrative claim for refund with the IRS before suing)).

[2] Section 7422 also cross references 28 U.S.C. § 1346(a)—the statute that gives original jurisdiction to district courts for cases seeking refund of internal-revenue penalties. 26 U.S.C. § 7422(k)(3); *see also* 28 U.S.C. § 1346(a). *See Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (holding that "cross-references" indicate that statutes "operate together"); *but see* 26 U.S.C. § 7806(a) ("The cross references in this title . . . where the word 'see' is used, are made only for convenience, and shall be given no legal effect."). Section 7422's direct cross-reference to 28 U.S.C. § 1346(a) is an ancillary argument.

Another reason the Court should transfer this suit—instead of outright dismissal—is placing § 7701(a)(39)(A) within "context and with a view to [its] place in the overall statutory scheme." *See Sturgeon*, 577 U.S. at 438. When a taxpayer incorrectly files a refund suit against an officer or employee of the United States, Congress has directed courts to not only "substitute the United States as a party for such officer or employee" but more importantly transfer, not dismiss the suit. 26 U.S.C. § 7422(f)(2) ("Such suit or proceeding shall upon request by the United States be ***transferred*** to the district or division where it should have been brought if such action initially had been brought against the United States." (emphasis added)). The text does not allude to dismissal. Rather, in this way, the statute expresses a preference to transfer, not dismiss, refund suits brought in the wrong name and venue.

4. *In adjudicating venue challenges, other courts—without analyzing § 7701(a)(39)(A)—have either transferred to the Court of Federal Claims or dismissed outright*

In this case of apparent first impression, the Fifth Circuit has not confronted the proper venue for a refund suit by a nonresident citizen taxpayer. Other circuits have split on what is the proper venue for taxpayers residing abroad and what action to take in response to a refund suit filed in an improper venue: either transfer-to-Court-of-Federal-Claims or dismissal. Both conclusions are wrong.

Courts in the Second and Third Circuit have transferred suits to the Court of Federal Claims. *See, e.g.*, *Krapf v. United States*, 604 F. Supp. 1164, 1165 (D. Del. 1985) (residing in the Bahamas); *Shaw v. United States*, 422 F. Supp. 339, 341

(S.D.N.Y. 1976) (residing in England).[3] These transfer-to-Court-of-Federal-Claims cases rely upon a Third Circuit case that states Congress never "intended to handcuff the federal courts by prohibiting them from transferring a case improperly filed in the district courts to the Claims Court when the interests of justice so require." *Hondros v. U.S. Civ. Serv. Comm'n*, 720 F.2d 278, 300 n.41 (3d Cir. 1983).

In contrast, the Ninth Circuit and district courts there have dismissed outright similar non-U.S. resident taxpayer suits. *Topsnik v. United States*, 554 F. App'x 630 (9th Cir. 2014) (residing in Germany); *Diamond v. United States*, No. 217CV06327ODWPJW, 2018 WL 922128, at *2 (C.D. Cal. Feb. 15, 2018), aff'd, 765 F. App'x 377 (9th Cir. 2019) (residing in Japan). These dismissal cases rely upon a Federal Circuit case analyzing § 1404(d)—which is nearly identical to § 1406(c)—that prohibits transfer to the Court of Federal Claims because it is not a "'district or division' to which a district court may transfer." *Topsnik*, 554 F. App'x at 631 (quoting *Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007)).[4]

---

[3] These cases technically transferred the suit to Claims Court. The Federal Courts Administration Act of 1992 changed the name of the United States Claims Court to the United States Court of Federal Claims. Pub. L. 102-572, 106 Stat. 4506 (1992); *see also Cont'l Collection & Disposal, Inc. v. United States*, 29 Fed. Cl. 644, 650 n.2 (1993) ("The United States Court of Federal Claims is the successor to the United States Claims court in all respects.").

[4] The Federal Circuit criticized the Third Circuit because it did not consider a different statute: 28 U.S.C. § 1631. *Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007) ("Third Circuit failed to recognize, however, was that Congress provided for such a scenario by enacting the provisions that became 28

(continued...)

Both categories—transfer-to-Court-of-Federal-Claims or dismissal—miss the mark. These cases did not analyze yet alone mention § 7701(a)(39)(A). *See supra* Part III.A.2. Above all, none squarely tackled the issue of § 7701(a)(39)(A) for nonresident ***citizens*** seeking a refund.[5]

**B. If the Court opts not to transfer, the Court could dismiss Fuentes's Complaint**

Although the United States prefers a transfer to the District of Columbia, the Court can also dismiss this suit. This Court can follow the Ninth Circuit's reasoning and make Fuentes re-sue in the Court of Federal Claims. *See Topsnik*, 554 F. App'x 630. That is because § 1406(c) does not include the Court of Federal Claims in its definitions of "district court." 28 U.S.C. § 1406(c). For this reason, if the Court concludes that the District of Columbia is not a proper venue as contended above, it should dismiss the case rather than transfer to the Court of Federal Claims.

But doing so would only delay resolving the merits of Fuentes's claim. "Dismissal for improper venue where venue would properly lie elsewhere would serve no real purpose other than to add the additional expense of re-filing the case."

---

U.S.C. § 1631 in the very same act that repealed the former provisions of 28 U.S.C. § 1406(c)."). But this distinction is without a difference. *See Franco v. Mabe Trucking Co.*, 3 F.4th 788, 796 (5th Cir. 2021) (recognizing that 28 U.S.C. § 1631 and § 1406(a) "instruct the court to do the same thing, so there is no reason to choose between the two").

[5] Christine Speidel et al., *Effectively Representing Client Before New IRS*, 9.15.3 Jurisdiction and Venue, AMERICAN BAR ASSOCIATION (8th ed. 2021) ("Nonresident citizens of the U.S. are treated as residents of the District of Columbia, and therefore may file a tax refund suit in the U.S. District Court for the District of Columbia (or the Court of Federal Claims). A nonresident alien individual can bring a refund suit only in the Court of Federal Claims.").

*Garrett v. Gulf Stream Coach, Inc.*, No. CIV. A. 3:08CV792, 2009 WL 936297, at *5 (E.D. Va. Apr. 7, 2009) (cleaned up).

## IV. CONCLUSION

The Western District of Texas is the wrong venue for a nonresident citizen's tax refund suit. When Congress directs how to treat a nonresident citizen's place of residence for purposes of a tax refund suit, the Court should follow that direction and transfer to the District of Columbia.

*/s/ Christian A. Orozco*
Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorneys for the United States of America

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record through electronic filing this February 28, 2025.

*/s/ Christian A. Orozco*
Christian A. Orozco

Certificate of Conference

On February 26, 2025, I spoke with Plaintiff's counsel John Leeper via the telephone. Plaintiff's counsel stated that he opposed the relief of the motion.

*/s/ Christian A. Orozco*
Christian A. Orozco