**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-00423-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | FILED ELECTRONICALLY |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO THE UNITED STATES' MOTION TO TRANSFER VENUE, OR, IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE**

Now comes the Plaintiff, ANTONIO CESAR FUENTES, who by and through his undersigned counsel, submits the following Response to the United States' Motion to Transfer Venue, Or, In the Alternative, To Dismiss for Improper Venue:

1. Plaintiff is a U.S. citizen residing in Juarez, Mexico. The Internal Revenue Service assessed a $90,000 penalty against Plaintiff because he did not timely file an information return reporting cash gifts he received from his father, a Mexican citizen, in 2010. Plaintiff did not timely file an information return (Form 3520) reporting the gifts because he relied, in good faith, on his board certified tax attorney who was located in El Paso, Texas, to advise him what returns needed to be filed in the United States and when they needed to be filed. Despite knowing all of the relevant facts about the cash gifts, Plaintiff's board certified tax attorney failed to advise Plaintiff that he needed to report the gifts on an information return because they exceeded a certain threshold amount. Plaintiff paid the civil penalty, timely filed a claim for refund, and then timely filed a suit for refund in the United States District Court for the Western District of Texas.

2. On February 28, 2025 Defendant filed a motion to transfer venue, or, in the alternative, to dismiss for improper venue. ECF No. 5.

3. The Court must determine the proper venue for a U.S. citizen not residing in the United States to sue for a refund of a civil penalty assessed by the Internal Revenue Service and paid by Plaintiff. Plaintiff submits venue is proper in the Western District of Texas because it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, where a substantial part of the property that is the subject of the action is situated, and where records, documents and witnesses are located. If the Court determines venue is not proper in the Western District of Texas, the Court must then decide whether to transfer the case or dismiss it. In the event the Court determines venue is not proper in the Western District of Texas, Plaintiff submits the case should be transferred to the District of Columbia rather than be dismissed.

**VENUE IS PROPER IN THE WESTERN DISTRICT OF TEXAS.**

4. This is a case of first impression. Defendant cites no binding precedent which dictates any specific result or course of action.

5. 28 U.S.C § 1346(a)(1) provides:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> > (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

6. 28 U.S.C § 1402(a) provides:

> (a) Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
>
> > (1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;
> >
> > (2) In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any

> judicial district (A) in the judicial district in which is located the office to which was made the return of the tax in respect of which the claim is made, or (B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph, a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to **any other district or division**. (Emphasis added).

7. Plaintiff would ask this Court to note that Section 1402(a)(2) provides an exception to the requirement that the case be prosecuted in the judicial district where the plaintiff resides "for the convenience of the parties and witnesses". In this case, it would undoubtedly be more convenient for Plaintiff, Plaintiff's attorney and Plaintiff's witnesses for the case to be tried in the Western District of Texas.

8. Nevertheless, Defendant argues Plaintiff must be deemed a resident of the District of Columbia, for venue purposes, based on the definition contained in I.R.C. § 7701(a)(39) and, for that reason, the case must be transferred to the District of Columbia. Plaintiff disagrees.

9. I.R.C. § 7701(a)(39)(A) provides:

> Persons residing outside United States.
>
> If any citizen or resident of the United States does not reside in (and is not found in) any United States judicial district, such citizen or resident shall be treated as residing in the District of Columbia for purposes of any provision of this title relating to —
>
> (A) jurisdiction of courts, or
>
> (B) enforcement of summons.

10. Defendant's analysis is flawed for several reasons, including:

   a. Defendant has cited no case precedent supporting its analysis or conclusion.

   b. The statute refers to jurisdiction, not venue.

   c. Defendant ignores the phrase "and is not found in" any United States judicial district. Defendant can be found on a regular basis in the Western District of Texas.

See Exhibit 1 attached. On average, Defendant travels to El Paso, Texas, 3-4 times a week. Defendant's business interest, doctors, lawyers and accountant are all located in El Paso, Texas. Because Plaintiff can be found in the Western District of Texas, section 7701(a)(39)(A) is inapplicable to Plaintiff.

d. As a result, the general venue statute, 28 U.S.C. § 1391, should govern venue in this case.

11. By its very terms, 28 U.S.C. § 1391, titled "Venue Generally" governs venue in <u>all civil actions</u> brought in district courts in the United States. Section 1391(b) provides:

> (b) Venue in General – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

12. Venue is proper in the Western District of Texas under section 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Western District of Texas and a substantial part of the property that is the subject of the action is located in the Western District of Texas. Complaint ¶s 11-29, ECF No. 1. The gifts from Plaintiff's father, which is the subject of this action, were deposited in Plaintiff's bank account in El Paso, Texas. Plaintiff's tax attorney, Alfonso Soto, on whom Plaintiff relied to tell him what returns needed to be filed and when to file them, was located in El Paso, Texas. The 2010 Form 3520 that was ultimately filed was prepared in and mailed from Soto's office in El Paso, Texas, to the Internal Revenue Service in Houston, Texas. Complaint ¶27, Exhibit 5, ECF No. 1-5. The CPA who

replaced Soto, Raul Prieto, is also located in El Paso, Texas. Without a doubt, the acts and omissions giving rise to Plaintiff's claim occurred in the Western District of Texas and the property that is the subject of the action is located in Western District of Texas.

13. Finally, it is worth noting that although 28 U.S.C. §1391(b)(3) refers to defendants, Plaintiff's frequent and ongoing contacts with the Western District of Texas (See Exhibit 1) easily satisfy the minimum contacts necessary to establish venue in the Western District of Texas under §1391(b)(3). See *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

14. In light of the foregoing, Plaintiff respectfully submits venue is proper in the Western District of Texas.

**IF VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF TEXAS, DEFENDANT DOES NOT OBJECT TO THE CASE BEING TRANSFERRED TO THE DISTRICT OF COLUMBIA.**

15. If the Court determines venue is not proper in the Western District of Texas, Plaintiff does not object to the case being transferred to the District Court for the District of Columbia.

16. In the event this case is transferred to the District of Columbia, Plaintiff intends to request a transfer back to the Western District of Texas pursuant to the provisions of 28 USC § 1404(a) which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented."

17. Plaintiff respectfully submits that Defendant should consent to such transfer to the Western District of Texas at this time in the interest of judicial economy.

**DEFENDANT'S CASE SHOULD NOT BE DISMISSED**

18. Although 28 USC § 1406 authorizes the Court to dismiss a case filed in the wrong venue, the Court retains discretion to transfer it to a proper venue if such a transfer would serve the interest

of justice. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022). And this discretion is broad. *Id*. At 897.

19. As stated by the Defendant: "In the interest of justice, the Court should transfer to the District of Columbia because Fuentes's refund claim 'appears to be non-frivolous'… his Complaint contains affidavits, tax returns, and other pieces of evidence, which suggest non-frivolousness." ECF No. 5, Pg. 7.

20. As further stated by Defendant: "Dismissal for improper venue where venue would properly lie elsewhere would serve no real purpose other than to add the additional expense of re-filing the case." ECF No. 5, Pg. 10.

21. Dismissal is especially inappropriate in the context of a tax refund suit because of the jurisdictional time constraints on filing a refund suit. See 26 U.S. Code § 6532(a)(1).

22. Both parties agree that the interests of justice require a transfer rather than dismissal if venue is not proper in the Western District of Texas.

**IF DEFENDANT'S CASE IS DISMISSED, IT SHOULD BE DISMISSED WITHOUT PREDJUDICE TO REFILE IN THE CORRECT VENUE.**

23. Because dismissal for improper venue is not an adjudication on the merits, if Plaintiff's case is dismissed, it should be dismissed without prejudice to refile in either the District of Columbia or the United States Court of Federal Claims. See Fed. R. Civ. P. 41(b).

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court:

1. Determine venue is proper in the Western District of Texas and deny Defendant's motion.
2. If the Court determines venue is not proper in the Western District of Texas, transfer the case to the District Court for the District of Columbia.

3. If the Court dismisses Plaintiff's case, dismiss it without prejudice to refile in the proper United States District Court or the United States Court of Federal Claims.

Dated: March 26, 2025

Respectfully submitted

/s/ John Leeper

JOHN LEEPER
Counsel for Plaintiff
Texas Bar No. 12156550
801 N. El Paso St., Suite 225
El Paso, Texas 79902
Tel.: (915) 532-3447
Fax: (915) 532-3455
leeperjo@aol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing response has been served on all counsel of record through electronic filing this 26th day of March, 2025.

/s/ John Leeper
JOHN LEEPER