IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case Number: 3:24-cv-00423 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant,* | § | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR, IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE**

In his Response, Antonio Cesar Fuentes downplays that he does not reside in the Western District of Texas and mistakenly argues that is a proper venue. *See* Resp., Mar. 26, 2025, ECF No. 7. He can't escape the reality that he does not reside there. Resp. 1 ("[Fuentes] is a U.S. citizen Residing in Juarez, Mexico."). Rather, Fuentes attempts to recharacterize the venue issue as merely one as "convenience." *See* Resp. 3. ("In this case, it would undoubtedly be more convenient for [Fuentes], [his] attorney and [his] witnesses for the case to be tried in the Western District of Texas.").

But convenience is not the proper inquiry. Congress has explicitly defined where suits against the United States can occur. *See* 28 U.S.C. § 1402 (venue statute when the United States is a defendant).

Still, Fuentes attempts to lay the foundation of his "convenience" argument by erroneously relying on the general venue statute 28 U.S.C. § 1391. *See* Resp. 4–5.

But as the Supreme Court noted, reliance upon 28 U.S.C. § 1391 can only go so far: "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 n.2 (2013). Thus, the ***specific*** venue provision 28 U.S.C. § 1402 governs venue for tax refunds suits against the United States. *See* 28 U.S.C. § 1391 (recognizing that it sets venue "[e]xcept as otherwise provided by law").

As a sovereign, the United States is not a traditional party. The United States maintains its sovereign immunity until it expressly consents to be sued. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* The Court should construe such waivers of sovereign immunity "narrowly . . . in favor of the United States." *Equity Tr. Co. v. McDonald*, 806 F.3d 833, 835 (5th Cir. 2015) (citation omitted).

The United States has consented to be sued in civil actions involving tax refunds. *See* 28 U.S.C. § 1346(a)(1) (stating that district courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected"). And as courts throughout the country have held, tax refund suits can only occur where the taxpayer resides. *See, e.g.*, *Tingler v. Internal Revenue Serv.*, No. 1:25-CV-64, 2025 WL 523891, at *1 (S.D. Ohio Feb. 18, 2025) ("The venue of these suits is proper 'in the judicial district where the plaintiff resides." (citation omitted)); *Caetano v. Internal Revenue Serv.*, No. 123CV01099BAMPC, 2023 WL

4748547, at *1 (E.D. Cal. July 25, 2023) ("Under the express provisions of 28 U.S.C. § 1402(a)(1), the proper venue for a claim for a federal tax refund lies only in the judicial district in which the plaintiffs reside." (citation omitted)); *O'Brien v. Calvo*, No. 12-CV-2700 ARR MDG, 2013 WL 1247521, at *4 (E.D.N.Y. Mar. 27, 2013) ("It is clear that suits for refund of income taxes may be filed only against the United States and that venue must be laid in the judicial district in which the individual bringing the action resides." (citation omitted)); *Ciccotelli v. United States*, 545 F. Supp. 2d 609, 611 (W.D. Tex. 2008) (Martinez, J.). Thus, Fuentes is simply wrong when he argues that this District is a proper venue for this suit.

Because Fuentes is not a resident of the Western District of Texas, it is not a proper venue. The United States urges to transfer this suit to the District of Columbia. *See generally* United States Mot. to Transfer Venue, Feb. 28, 2025, ECF No. 5. Fuentes agrees this is a preferred result of this motion. *See* Resp. 5.[1] Nevertheless, if the Court deems it appropriate not to transfer the case, it should dismiss it.

---

[1] Fuentes's argument that he will pursue a transfer back to this district under 28 U.S.C. § 1404(a) is both irrelevant and wrong. *See* Resp. 5. His hypothetical future motion in another court is not under consideration at this time; the Court should give it no weight in deciding the current motion before it. Above all, his premise is misinformed because § 1404(a) only permits a transfer to a district "where it might have been brought or to which all the parties have consented." As already explained at length in the United States' Motion and Reply, this District is neither a venue where this case "might have been brought" nor does the United States intend to consent to a transfer back to this venue.

*/s/ Christian A. Orozco*
Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorneys for the United States of America

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record through electronic filing this March 27, 2025.

*/s/ Christian A. Orozco*
Christian A. Orozco