**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ANTONIO CESAR FUENTES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-24-CV-423-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

# ORDER

On this day, the Court considered Defendant United States' Motion to Transfer Venue, or Alternatively, Dismiss for Improper Venue, ECF No. 5. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff Antonio Cesar Fuentes brings suit to recover $90,000 plus interest, which he paid as a civil penalty to the Internal Revenue Service ("IRS") in 2010. Compl. ¶ 1, ECF No. 1. Fuentes is a United States citizen who resides in Ciudad Juarez, Mexico. *Id.* ¶ 2. "Despite being born in the United States, [he] grew up in Juarez . . . [and] has always lived in Mexico." *Id.* ¶¶ 8, 9. Fuentes alleges that he deposited monthly gifts of $25,000 from his father into his bank account in El Paso, Texas in 2010. *Id.* ¶¶ 11, 12. He sought the advice of a tax attorney, Alfonso Soto, who informed him that he did not need to pay tax on these gifts from his father. *Id.* ¶¶ 18–21. Soto did not include these gifts on Fuentes's tax return, nor did he file a Form 3520, Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts. *Id.* ¶¶ 22–24.

In 2017, the IRS informed Fuentes that he was required to file Form 3520 to report his father's 2010 gifts, which Soto then prepared on his behalf. *Id.* ¶ 26. The IRS then assessed a

penalty of $90,000 for his failure to timely file Form 3520, which Fuentes paid—with interest—in December 2022. *Id.* ¶¶ 28, 30. Fuentes filed a Claim for Refund with the IRS, which was eventually denied in January 2024. *Id.* ¶¶ 31, 32. Fuentes filed a second Claim for Refund, *id.* ¶ 33, and, when he did not receive a response from the IRS, filed his Complaint in this Court on November 25, 2024, *see generally id.* Fuentes seeks recovery of the penalty, arguing that his failure to timely report his father's gifts "was due to reasonable cause and not willful neglect." *Id.* ¶ 47.

On February 28, 2025, the United States filed its Motion, requesting that the Court transfer the case to the District of Columbia or dismiss the case for improper venue. *See generally* Mot. Fuentes filed a Response, ECF No. 7, and the United States filed a Reply, ECF No. 8.

## II. DISCUSSION

### A. Standard

A party may move to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Fed. R. Civ. P. 12(b)(3); *Texas v. U.S. Dep't of Health & Hum. Servs.*, 681 F. Supp. 3d 665, 673 (W.D. Tex. 2023). When venue is not proper, a district court must dismiss, or if in the interests of justice, transfer a case to any district or division in which it could have originally been brought. 28 U.S.C. § 1406(a); *Fields v. Elliott*, No. 25-cv-74, 2025 WL 1021473, at *1 (E.D. Tex. Apr. 4, 2025). There is a split of authority among district courts in the Fifth Circuit as to which party bears the burden of demonstrating venue on a 12(b)(3) motion. *See Williams v. Tava Ventures, Inc.*, No. 23-cv-854, 2023 WL 9285265, at *2 (N.D. Tex. Nov. 29, 2023), *adopted*, 2024 WL 620366 (N.D. Tex. Feb. 14, 2024); *TGM Wind Servs., LLC v. Bartusek*, 16-cv-1007, 2016 WL 9527980, at *1 (N.D. Tex. Sept. 22, 2016) (describing burden

shifting to plaintiff once improper venue is raised as the "majority approach"); *Villalva v. Napolitano*, No. 3:09-cv-125-DB, 2009 WL 10700492, at *2 n.4 (W.D. Tex. Oct. 21, 2009). Courts have "broad discretion" in deciding whether to transfer or dismiss a case when venue is not proper. *Epley v. Lopez*, No. 23-10374, 2025 WL 1156520, at *4 (5th Cir. Apr. 21, 2025) (citations omitted).

**B. Analysis**

**1. Venue is proper in the District of Columbia or the Court of Federal Claims, but not the Western District of Texas.**

The United States argues that venue is improper because Fuentes does not reside within the Western District of Texas and the proper venue for non-resident tax refund suits is the District of Columbia. Mot. 3–8. Fuentes responds with several arguments for why venue is proper in the Western District of Texas. *See generally* Resp.

Federal district courts have original jurisdiction—concurrent with the Court of Federal Claims—over civil actions to recover tax penalties erroneously or illegally assessed. 28 U.S.C. § 1346(a); *Nix El v. IRS*, 233 F. Supp. 3d 65, 68 (D.D.C. 2017). Penalty refund suits must be filed in the "judicial district where the plaintiff resides." 28 U.S.C. § 1402. "For purposes of 28 U.S.C. sec. 1402, the term residence means domicile." *Brewin v. Comm'r of Internal Revenue*, 72 T.C. 1055, 1059 (1979) (citing *Nowotny v. Turner*, 203 F. Supp. 802, 804 (M.D.N.C. 1962)), *rev'd on other grounds*, 639 F.2d 805 (D.C. Cir. 1981)). And if a "citizen or resident of the United States does not reside in (and is not found in) any United States judicial district," they "shall be treated as residing in the District of Columbia for purposes of any provision of this title relating to . . . jurisdiction of courts." 26 U.S.C. § 7701(a)(39)(A).

The essential facts are undisputed—both Fuentes and the United States agree that Fuentes is domiciled in Ciudad Juarez, Mexico.[1] Compl. ¶ 2; Mot. 1–2; Resp. ¶ 1. Neither the Fifth Circuit nor any district court within the Circuit appear to have considered the proper venue for tax penalty refund suits brought by United States citizens living abroad. And outside of the Circuit, it appears that every court to consider the question has held that U.S. citizens residing abroad must file their refund lawsuits in the Court of Federal Claims. *See, e.g.*, *Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. 2014); *Krapf v. United States*, 604 F. Supp. 1164, 1165 (D. Del. 1985). But the majority of these courts did not consider the applicability of 26 U.S.C. § 7701(a)(39)(A), which, as stated, provides that U.S. citizen plaintiffs living abroad "shall be treated as residing in the District of Columbia for purposes of" the jurisdictional provisions of Title 26.

Indeed, only one court appears to have considered the applicability of 26 U.S.C. § 7701(a)(39) in a nonresident citizen tax refund suit. In *Diamond v. United States*, a plaintiff residing in Canada argued that venue was proper in the District of Columbia under § 7701(a)(39). No. 23-cv-326, 2023 WL 6037171, at *3 (D.D.C. Sept. 15, 2023), *on reconsideration*, 2023 WL 7181949 (Nov. 1, 2023), *aff'd*, 2025 WL 914044 (D.C. Cir. Mar. 26, 2025). The Court noted that by its own terms, the rule only applied to "provision[s] of this title," that is, Title 26 of the U.S. Code. *Id.* (quoting 26 U.S.C. § 7701(a)(39)) (alteration in original). But the "venue provision applicable to these claims, 28 U.S.C. § 1404(a), is found in Title 28." *Id.* Thus, the Court held that 26 U.S.C. § 7701(a)(39)'s deemed residency rule did not apply to a determination of residency under 28 U.S.C. § 1404(a). And because the *Diamond* plaintiff did

[1] The Court need not, therefore, take a position on the intra-circuit split over burden allocation for venue motions. *See Villalva*, 2009 WL 10700492, at *2 n.4.

not reside in any judicial district, the court found that the only proper venue was the Court of Federal Claims. *Id.*

To determine whether *Diamond*'s textual analysis is persuasive, the Court looks to the rules of statutory construction. "When interpreting a statute, [courts] look first and foremost to its text." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581–82 (5th Cir. 2020) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)); *see also United States v. Olguin*, 643 F.3d 384, 395 (5th Cir. 2011). Thus, "[w]hen the statutory 'language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296–97 (2006) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). But those terms are not to be read in isolation—"[i]t is a 'cardinal rule that a statute is to be read as a whole . . . .'" *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 385 n.7 (2003)). Even when interpreting multiple statutes, courts "should attempt to give horizontal coherence to the United States Code and ensure that different statutes interact coherently and harmoniously." *Thompson v. Goetzmann*, 337 F.3d 489, 499 n.29 (5th Cir. 2003) (quoting *Murphy v. Penn. Higher Educ. Assistance Agency & Educ. Credit Mgmt. Corp.*, 282 F.3d 868, 872 (5th Cir. 2002)).

Here, the plain text of the deemed residency rule states that U.S. citizens living abroad "shall be treated as residing in the District of Columbia for purposes of any provision of this title relating to . . . jurisdiction of courts." 26 U.S.C. § 7701(a)(39). Various jurisdictional requirements for tax penalty refund suits—such as exhaustion requirements—are spelled out elsewhere in Title 26. *Id.* § 7422(a); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th

Cir. 2018) (describing § 7422's "jurisdictional requirements"). But none of § 7422's subsections mention residence. *See generally* 26 U.S.C. § 7422. However, one subsection provides, "For jurisdiction of United States district courts, see section 1346 of Title 28 of the United States Code." *See* 26 U.S.C. § 7422(k)(3). In turn, that statute states, generally, that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of" tax penalty refund suits. 28 U.S.C. § 1346(a)(1). And elsewhere, venue limitations are imposed: "Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(1).

In sum, United States citizens residing outside of the country are deemed to be residents of the District of Columbia for purposes of determining jurisdiction under Title 26. 26 U.S.C. § 7701(a)(39). And for tax penalty refund suits like this one, Title 26 does not contain any residency-based jurisdictional provisions but instead incorporates by reference a provision of Title 28. 26 U.S.C. § 7422(k)(3) (cross-referencing 28 U.S.C. § 1346). And that provision's grant of jurisdiction is cabined to districts in which the plaintiff resides by yet another provision of Title 28. 28 U.S.C. § 1402(a)(1) (also cross-referencing 28 U.S.C. § 1346).

"'Incorporating one statute . . . into another,' the Court has long understood, 'serves to bring into the latter all that is fairly covered by the reference.'" *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 358 (2016) (Ginsburg, J. concurring) (quoting *Panama R. Co. v. Johnson*, 264 U.S. 375, 392 (1924)); *see also Disability Rts. Tex. v. Pacillas*, 690 F. Supp. 3d 654, 689 n.100 (W.D. Tex. 2023) ("Where one statute adopts the particular provision of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute." (quoting

*Hassett v. Welch*, 303 U.S. 303, 314 (1938)), *appeal dismissed sub nom. Disability Rts. Tex. v. Allen*, No. 23-50704, 2023 WL 10675681 (5th Cir. Oct. 13, 2023); *cf. Barquero v. United States*, 18 F.3d 1311, 1314 n.8 (5th Cir. 1994) ("cross-reference to and incorporation of" separate section of Internal Review Code indicated that Congress intended for President to enter into Tax Information Exchange Agreement with Mexico).

Because the provisions of Title 28 governing a court's jurisdiction to hear taxpayer suits are made part of Title 26 by cross-reference, it follows that the deemed residency rule's restriction to "this title" does not exclude those incorporated provisions of Title 28. This reading ensures that the provisions of both Titles "interact coherently and harmoniously" to establish a framework of jurisdictional rules applicable to tax penalty refund suits. *Goetzmann*, 337 F.3d at 499 n.29. The Court therefore respectfully disagrees with the *Diamond* court, whose relatively cursory analysis reads the deemed residency rule's use of "this title" in isolation, without discussing the effect of the cross-referencing structure described above. *See* 2023 WL 6037171, at *3; *see, e.g.*, *United States v. Jones*, 993 F.2d 1131, 1134 (4th Cir. 1993) (criticizing a "'plain language' interpretation . . . [that] misses the forest for the trees."). In sum, the deemed residency rule for U.S. citizens living abroad applies in a tax penalty refund suit when determining "the judicial district where the plaintiff resides." 26 U.S.C. § 7701(a)(39); *id.* § 7422(k)(3); 28 U.S.C. 1346; *id.* § 1402(a). Applying the deemed residency rule here, because Plaintiff is a U.S. citizen residing in Mexico, the proper venue for this suit is either the District of Columbia or the Court of Federal Claims.

Plaintiff makes three counterarguments for why venue is proper in the Western District of Texas. First, Plaintiff argues that venue is proper under 28 U.S.C. § 1391, which governs venue in civil proceedings generally. *See* Resp. 4–5. But the United States has sovereign immunity

unless it consents to be sued, in which case "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). Accordingly, any statutory provisions relating to suits against the United States are to be interpreted narrowly. *Duffie*, 600 F.3d at 384 (citing *Alexander v. United States*, 829 F. Supp. 199, 200–01 (N.D. Tex. 1993)). Here, the relevant provisions of Titles 26 and 28 provide that a district court only has jurisdiction over tax penalty refund suits brought in the judicial district in which a taxpayer resides or the District of Columbia if a nonresident citizen—the Court must follow these dictates. And jurisdictional issues aside, the general venue statute only applies "[e]xcept as otherwise provided by law." 28 U.S.C. § 1391(a). Where, as here, a more specific venue provision applies, the general venue statute is inapplicable. *See Wichita Ctr. for Graduate Med. Educ., Inc. v. United States*, No. 16-cv-1054, 2016 WL 4000934, at *4 (D. Kan. July 26, 2016) (explaining that § 1402's "specific venue provision takes precedence over the general venue statute").

Second, Plaintiff argues that 28 U.S.C. § 1402(a)(2) allows for transfer of a case to any district or division for "the convenience of the parties and witnesses," and that the Western District of Texas is the most convenient venue for the Plaintiff, his attorney, and his witnesses. Resp. 2–3. But § 1402(a)(2) only applies to "civil action[s] by a corporation." 28 U.S.C. § 1402(a)(2). Plaintiff is not a corporation and therefore cannot avail himself of a convenience transfer. *See Caleshu v. Wangelin*, 549 F.2d 93, 95 (8th Cir. 1977) (holding that § 1402(a)(2) applies only to corporations and not individual taxpayers); *Lovo v. IRS*, No. 22-cv-220, 2022 WL 1425489, at *2 n.3 (E.D. Cal. May 5, 2022) ("Paragraph (2) pertains to corporations and is not

applicable here."); *Cooper v. United States*, No. 05-cv-1192, 2005 WL 3707403, at *2 (D.D.C. Dec. 8, 2005) (same).

Finally, Plaintiff argues that the deemed residency rule applies only when a citizen both lives abroad and cannot be "found in" any United States judicial district, and that Plaintiff can, in fact, be "found in" the Western District of Texas because he often travels here. Resp. 3–4. Similar language referring to locations where parties may be "found" appears in other statutes and has been consistently interpreted to mean that a "defendant 'may be found' wherever the defendant is subject to personal jurisdiction.'" *Stuart v. Fire-Dex, LLC*, No. 13-cv-675, 2013 WL 5852234, at *3 (S.D. Tex. Oct. 30, 2013) (quoting 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3806.2 & n.6 (3d ed. 2012)); *see also Andra Grp., LP v. BareWeb, Inc.*, No. 17-cv-815, 2018 WL 2848985, at *7 n.2 (E.D. Tex. June 11, 2018); *Frost v. ReliOn, Inc.*, No. 06-cv-822, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007) (citing *Varsic v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir.1979)). In Title 26, there are several references to where a defendant can be "found." For example, § 7402 relates to the "[j]urisdiction of district courts" and provides that a defendant can be sued in the district court of a judicial district in which they reside or can be found. 26 U.S.C. § 7402(b). Further, § 7604 provides that a district court for the judicial district in which a defendant "resides or is found" has jurisdiction to enforce summons against them. 26 U.S.C. § 7604(a). A reading of these provisions in accordance with their customary usage leads to the conclusion that the deemed residency rule's use of "found in" refers to courts' ability to exercise personal jurisdiction over defendants. Just as a plaintiff bringing affirmative tax litigation who resides abroad would be deemed to reside in the District of Columbia, a defendant sued by the Internal Revenue Service who is only "found" abroad would be deemed to be "found in" the District of Columbia.

Plaintiff offers no authority to support his argument that "found in" should instead be read in some colloquial sense as an exception to § 1402(a)(1)'s requirement that plaintiffs file suit where they reside. *See generally* Reply. In sum, none of Plaintiff's arguments impugn the Court's determination that venue for his case lies only in the District of Columbia or the Court of Federal Claims.

### 2. The Court transfers the case to the District of Columbia.

Because venue is improper in the Western District of Texas, the Court must either dismiss or transfer the case. Here, the interests of justice weigh in favor of transfer given that dismissal would delay resolution of the case. *See Hilltop Sec. Inc. v. Clear Haven Cap. Mgmt., LLC*, No. 23-cv-432, 2023 WL 6613069, at *5 (N.D. Tex. Oct. 10, 2023); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3827 (4th ed. 2025) ("[I]t is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice . . . ."). Further, both Plaintiff and the United States request that this case be transferred to the District of Columbia if the Court determines that venue is improper. Mot. 3–4, 10–11; Resp. 5; *see Hilltop*, 2023 WL 6613069, at *5. The Court therefore exercises its discretion to transfer the case to the District of Columbia.

## III. CONCLUSION

For the foregoing reasons, United States' Motion, ECF No. 5, is **GRANTED** in part and **DENIED** in part. The Motion is **GRANTED** as to its request to transfer the case to the District of Columbia and **DENIED** as to its request, in the alternative, to dismiss the case.

The Court **ORDERS** that the case shall be **TRANSFERRED** to the United States District Court for the District of Columbia.

**SO ORDERED.**

SIGNED this 6th day of May, 2025.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE