**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

**MOTION TO DISMISS COUNTERCLAIM FOR LACK OF JURISDICTION (MOOTNESS) WITH PREJUDICE**

Plaintiff/Counter-Defendant, ANTONIO CESAR FUENTES, moves the Court to dismiss the counter claim filed by the United States pursuant to Rule12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

The Internal Revenue Service assessed civil penalties against ANTONIO CESAR FUENTES for tax years 2010, 2011, 2012 and 2015. ANTONIO CESAR FUENTES paid the civil penalty for 2010 and filed the instant lawsuit seeking a refund. The UNITED STATES filed a counter claim seeking to recover the unpaid civil penalties for 2011, 2012, and 2015. Subsequent to filing this lawsuit, the Internal Revenue Service abated the civil penalties for 2010, 2011, 2012 and 2015. Because the penalties were abated, there is no case or controversy for the Court to adjudicate. Because there is no case or controversy, the Court lacks subject matter jurisdiction. As such, the counter claim should be dismissed with prejudice.[1]

RECEIVED
AUG 5 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**FACTS**

[1] In the event the instant motion is granted, Plaintiff/Counter-Defendant intends to withdraw his Complaint seeking a refund of the civil penalty he paid for tax year 2010, which has been abated and refunded.

1. Plaintiff/Counter-Defendant filed Forms 3520 for tax years 2010, 2011, 2012 and 2015 on or about November 15, 2017.

2. On June 11, 2018, the Internal Revenue Service assessed a civil penalty under IRC section 6039F for the failure to timely file Form 3520 for each of the years 2010, 2011, 2012, and 2015.

3. On December 9, 2022, Plaintiff paid the civil penalty for tax year 2010 plus interest that had accrued on the penalty.

4. On December 16, 2022, Plaintiff/Counter-Defendant filed Form 843 requesting a refund of the civil penalty he paid for 2010 and abatement of the civil penalties that remained unpaid for tax years 2011, 2012 and 2015.

5. On March 4, 2024, Plaintiff/Counter-Defendant filed amended Forms 843 requesting a refund of the civil penalty paid for 2010 and abatement of the civil penalties for tax years 2011, 2012, and 2015.

6. On November 25, 2024, Plaintiff/Counter-Defendant filed the instant lawsuit seeking to recover the civil penalty he paid for tax year 2010.

7. On May 13, 2025, Defendant/Counter-Claimant filed a counter claim seeking to recover the unpaid civil penalties for tax years 2011, 2012 and 2015.

8. On April 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2010.[2] Exhibit 1.

---

[2] On August 4, 2025, the IRS Service Center computer inexplicably issued Plaintiff/Counter-Defendant a new (second) Notice of Penalty Charge under Section 6039F for tax year 2010, with appeal rights. Exhibit 6. Clearly, the new assessment is barred by the statute of limitations on assessments, a matter which Plaintiff/Counter-Defendant will raise administratively within the Internal Revenue Service during his appeal. See I.R.C. §6501(a). The first penalty that was assessed, which forms the basis of Plaintiff's lawsuit, has been abated and has been refunded to Plaintiff/Counter-Defendant.

9. On April 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2011.[3] Exhibit 2.

10. On July 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2012. Exhibit 3.

11. On July 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2015. Exhibit 4.

12. Because the penalties that form the basis of the United States' counter claim have been abated, the Internal Revenue Service filed a Certificate of Release of Federal Tax Lien releasing the federal tax lien covering the civil penalties for tax years 2010, 2011, 2012 and 2015. Exhibit 5.

**LEGAL ANALYSIS**

13. Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that, at all stages of the case, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Id.*

14. Where intervening events after the filing of a lawsuit prevent a court from ordering any relief, the case is moot. See *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).

[3] On August 4, 2025, the IRS Service Center computer inexplicably issued Plaintiff/Counter-Defendant a new (second) Notice of Penalty Charge under Section 6039F for tax year 2011, with appeal rights. Exhibit 7. Clearly, the new assessment is barred by the statute of limitations on assessments, a matter which Plaintiff/Counter-Defendant will raise administratively within the Internal Revenue Service during his appeal. See I.R.C. §6501(a). The first penalty that was assessed, which forms the basis of the United States' counter claim, has been abated.

15. Because the penalties that form the basis of the United States' counter-claim have been abated by the Internal Revenue Service and the federal tax lien has been released, there is no case or controversy for the Court to adjudicate. As such, the Court lacks subject matter jurisdiction and the counter claim should be dismissed with prejudice.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Plaintiff/Counter-Defendant respectfully prays the Court dismiss the counter-claim with prejudice.

Dated: August 5, 2025

Respectfully submitted

______________________________

ANTONIO CESAR FUENTES
Pro Se
Paseo Triunfo de la Republica #935
Colonia Partido Doblado
Ciudad Juarez, Chihuahua, Mexico, CP 32320
Tel: (915) 253-9262
Email: cexarfy@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing motion to dismiss has been filed with the Court via email transmission to dcd_intake@dcd.uscourts.gov, and a true and correct copy has been served on Defendant/Counter-Claimant via email transmission to christian.a.orozco@usdoj.gov, this 5th day of August, 2025.

______________________________

ANTONIO CESAR FUENTES
Pro Se