IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant/Counterclaimant,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No: 1:25-cv-01387-RBW |

**FIRST AMENDED ANSWER AND COUNTERCLAIM**

Defendants United States of America responds as follows to the allegations contained in Plaintiff's Complaint using the same headings as the Complaint but without admitting any allegations contained in any heading.

## I. ADMISSIONS & DENIALS

### A. Parties, Jurisdiction and Venue

1. *This is a civil action to recover a civil penalty Plaintiff paid to the Internal Revenue Service for the tax year ended December 31, 2010 in the amount of $90,000 plus interest.*

**Answer**: The United States admits that Plaintiff filed a suit but denies that Plaintiff is entitled to recover.

2. *Plaintiff ANTONIO CESAR FUENTES is a citizen of the United States. Plaintiff resides at Paseo Triunfo de la Republica #935, Colonia Partido Doblado, Ciudad Juarez, Chihuahua, Mexico, CP 32320.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 2.

3. *Defendant INTERNAL REVENUE SERVICE is an agency of the UNITED STATES OF AMERICA.*

**Answer**: The United States admits the allegations in ¶ 3.

4. *This Court has jurisdiction pursuant to 28 U.S.C. §§1340 and 1346(a)(1).*

**Answer**: The United States admits the allegations in ¶ 4.

5. *Venue properly lies in Western District of Texas pursuant to 28 U.S.C. §§1391, 1396 and 1402.*

**Answer**: The United States denies that venue is proper as Plaintiff does not reside in the Western District of Texas.

**B. Operative Facts**

6. *Plaintiff is a citizen of the United States. Plaintiff was born at Providence Hospital in El Paso, Texas. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 6.

7. *Plaintiff's parents were Mexican citizens. Exhibit 1*

**Answer**: The United States admits the allegations in ¶ 7.

8. *Despite being born in the United States, Plaintiff grew up in Juarez, Mexico. Spanish is his first language. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 8.

9. *Plaintiff has never owned a home in the United States. He has always lived in Mexico. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 9.

10. *During the year 2010, Plaintiff lived with his wife and two children at their home in Juarez, Mexico. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 10.

11. *During the year 2010, Plaintiff received a gift of $25,000.00 a month from his father. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 11.

12. *Plaintiff deposited the gifts from his father in Plaintiff's bank account in El Paso, Texas. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 12.

13. *Despite living in Mexico, Plaintiff was advised by tax professionals that he was required to file returns in the United States. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 13.

14. *Plaintiff has no background, training, or education in taxes or accounting. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 14.

15. *Because he has no background, training, or education in taxes or accounting, Plaintiff hired tax specialists on both sides of the border to prepare his 2010 returns. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 15.

16. *Plaintiff relied on qualified tax professionals to determine which forms and schedules needed to be filed, to correctly prepare those forms and schedules, and to correctly compute the amount of taxes Plaintiff owed. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 16.

17. *Plaintiff filed a tax return in Mexico for the year 2010. Plaintiff's Mexican tax return reported the gifts he received from his father during the year 2010 under Donativos Obtenidos. Exhibit 2.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 17.

18. *Plaintiff employed Alfonso Soto (hereinafter referred to as "Soto") to prepare all forms that needed to be filed with the Internal Revenue Service, or any other U.S. government agency, including his 2010 U.S. income tax return and all required forms and schedules. Exhibit 1. Soto is a tax specialist. He is an attorney. He is board certified in Tax Law by the Texas Board of Legal Specialization. He has been board certified in tax law since 1999. Soto's office is located at 11395 James Watt, Suite A-9, in El Paso, Texas 79936. Exhibit 3.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 18.

19. *Plaintiff fully cooperated with Soto. Plaintiff provided Soto with all the information Soto requested and truthfully answered all of Soto's questions. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 19.

20. *Plaintiff told Soto about the gifts Plaintiff received each month from his father during the year 2010. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 20.

21. *Soto advised Plaintiff that he was not required to pay tax on the gifts Plaintiff received from his father. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 21.

22. *Plaintiff's 2010 Form 1040, prepared by Soto, did not report or otherwise disclose the gifts Plaintiff received from his father during the year.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 22.

23. *Soto did not include Form 3520, Annual Return to Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts, with Plaintiff's 2010 Form 1040.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 23.

24. *Soto did not file Form 3520 separately from Plaintiff's 2010 Form 1040.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 24.

25. *Plaintiff relied, in good faith, on Soto to prepare all required forms and to include all required schedules. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 25.

26. *On August 22, 2017, Plaintiff received a letter from the Internal Revenue Service advising Plaintiff that based on the information available to the Internal Revenue Service Plaintiff should have filed a Form 3520 to report his receipt of foreign gifts. The letter advised Plaintiff to file Form 3520 no later than November 20, 2017. Exhibit 4.*

**Answer**: The United States admits the allegations in ¶ 26.

27. *On November 15, 2017, Plaintiff filed a Form 3520 for the year 2010 reporting the gifts he received from his father. The Form 3520 was prepared by Alfonso Soto. Exhibit 5.*

**Answer**: The United States admits that Plaintiff filed a Form 3520 for the year 2010 but lacks sufficient knowledge or information to form a belief about the truth of the rest of the allegations in ¶ 27.

28. *On June 11, 2018, the Internal Revenue Service assessed a penalty under I.R.C. §6039F in the amount of $90,000 for Plaintiff's failure to timely file Form 3520 for the year 2010. Exhibit 6.*

**Answer**: The United States admits the allegations in ¶ 28.

29. *Plaintiff terminated the services of Alfonso Soto and retained a well-recognized international tax specialist, Raul Prieto, CPA, to prepare his future U.S. income tax and information returns. Exhibit 1 and Exhibit 7. Raul Prieto's office is located in El Paso, Texas.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 29.

30. *On December 9, 2022, Plaintiff sent a check to the Internal Revenue Service in the amount of $108,913.75 in payment of the civil penalty for the year 2010 plus interest that had accrued on the penalty. Exhibit 8.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about when Plaintiff sent a check but admits that Plaintiff made a payment in the amount of $108,913.75 in payment of the civil penalty for the year 2010 plus interest that was credited on December 13, 2022.

31. *On December 16, 2022, Plaintiff filed a Form 843, Claim for Refund, to recover the civil penalty and interest that he paid for tax year 2010. Exhibit 1.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 31.

32. *On January 16, 2024, the Internal Revenue Service denied Plaintiff's claim for a refund of the 2010 civil penalty and interest thereon. Exhibit 9.*

**Answer**: The United States admits the allegations in ¶ 32.

33. *On March 6, 2024, Plaintiff filed an amended Form 843, Claim for Refund, to raise an additional ground for recovery that was not raised in his original Form 843, that is the Tax Court's decision in Farhy v. Commissioner, 160 T.C. No. 6 (4/3/2023). Exhibit 10.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 33.

34. *More than six months have elapsed since Plaintiff filed his amended claim for refund.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 34.

35. *The Internal Revenue Service has not acted on Plaintiff's amended claim for refund.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 35.

**C. Operative Law**

36. *Gross income does not include the value of property acquired by gift. I.R.C. §102(a). Consequently, gifts are not taxable to the recipient and generally do not have to be reported by the recipient.*

**Answer**: The United States acknowledges that ¶ 36 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

37. *However, if the value of the aggregate foreign gifts received by a United States person during the year exceeds a specified threshold amount, the U.S. person must furnish (at such time and in such manner as the Secretary shall prescribe) the information that the Internal Revenue Service prescribes regarding each foreign gift received during such year. I.R.C. §6039F(a).*

**Answer**: The United States acknowledges that ¶ 37 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

38. *For the year 2010, a U.S. person was required to report the receipt of foreign gifts only if the aggregate value of such gifts exceeded $100,000 during the year. Notice 97-34, 1997-1 CB 422.*

**Answer**: The United States acknowledges that ¶ 38 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

39. *Form 3520 is used to report foreign gifts in excess of $100,000. Form 3520 is an information return. There is no tax due with Form 3520.*

**Answer**: The United States acknowledges that ¶ 39 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

40. *If a United States person fails to furnish the information required by subsection §6039F(a) with respect to reportable foreign gifts within the time prescribed therefor (including extensions), the Internal Revenue Code imposes a penalty in an amount equal to 5 percent of the amount of such foreign gift for each month for which the failure continues (not to exceed 25 percent in the aggregate). I.R.C. §6039F(c)(1)(B).*

**Answer**: The United States acknowledges that ¶ 40 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

41. *However, the penalty does not apply to any failure to report a foreign gift if the United States person shows that the failure is due to reasonable cause and not due to willful neglect. I.R.C. §6039F(c)(2).*

**Answer**: The United States acknowledges that ¶ 41 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

42. *The determination whether a taxpayer acted with reasonable cause and not willful neglect is described in Treasury Regulations §1.6664-4 and §301.6651-1(c). See Prop. Reg. §1.6039F-1(e)(2).*

**Answer**: The United States acknowledges that ¶ 42 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

43. *Treasury Regulation §1.6664-4 provides in pertinent part:*
*a. No penalty may be imposed under section 6662 with respect to any portion of an underpayment upon a showing by the taxpayer that there was reasonable cause for, and the taxpayer acted in good faith with respect to, such portion.*

*b. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.*

*c. Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.*

*d. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer.*

*e. Reliance on professional advice constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith.*

*f. All facts and circumstances must be taken into account in determining whether a taxpayer has reasonably relied in good faith on advice (including the opinion of a professional tax advisor) as to the treatment of the taxpayer (or any entity, plan, or arrangement) under Federal tax law.*

*g. For example, the taxpayer's education, sophistication and business experience will be relevant in determining whether the taxpayer's reliance on tax advice was reasonable and made in good faith.*

**Answer**: The United States acknowledges that ¶ 43 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

44. *Treasury Regulation §1.6664-4 provides in pertinent part: If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause.*

**Answer**: The United States acknowledges that ¶ 44 contains statements of law that do not require a response; however, to the extent they require a response, the United States denies that they are a full and complete statement of the law.

**D. Errors Complained of**

45. *For the reasons set forth below, Plaintiff is entitled to a refund of the civil penalty he paid for the year 2010 plus interest thereon.*

**Answer**: The United States denies the allegations in ¶ 45.

46. *Defendant has failed to refund the civil penalty Plaintiff paid for the year 2010 plus interest thereon which is legally due Plaintiff.*

**Answer**: The United States denies the allegations in ¶ 46.

**E. Analysis**

***A. Reasonable Cause***

47. *Plaintiff is entitled to a refund of the civil penalty he paid for the year 2010 because his failure to timely report the foreign gifts that he received from his father was due to reasonable cause and not willful neglect.*

**Answer**: The United States denies the allegations in ¶ 47.

48. *Factors herein establishing reasonable cause include, but are not limited to, the following:*

*a. Plaintiff was born and raised in Mexico. Spanish is his first language.*

*b. Plaintiff has no background, training or education in taxes or accounting.*

*c. Plaintiff hired competent tax professionals on both sides of the border to prepare his Mexican tax return and his U.S. tax return and any required information returns. In doing so, Plaintiff exercised ordinary business care and prudence.*

*d. Instead of hiring an accountant, Plaintiff hired a board certified tax attorney in El Paso Texas to prepare his U.S. returns, including his income tax return, all required schedules, and information returns. In doing so, Plaintiff exercised ordinary business care and prudence.*

*e. Plaintiff provided his tax attorney with all records the attorney requested and truthfully and completely answered all his attorney's questions.*

*f. Plaintiff provided his tax attorney necessary and accurate information.*

*g. Plaintiff disclosed the gifts he received from his father to his tax professionals.*

*h. Plaintiff was advised by a competent tax professional in the United States, his board certified tax attorney, that he was not required to pay tax on the gifts he received from his father.*

*i. Plaintiff relied on his board certified tax attorney to include all required forms and schedules in his tax return and to prepare and file all required information returns either in his tax return or separately, as required.*

*j. Soto failed to advise Plaintiff he was required to file Form 3520 for tax year 2010.*

*k. Soto failed to prepare and/or file Form 3520 for Plaintiff for tax year 2010.*

*l. Soto's decision not to prepare and/or file Form 3520 was substantive tax advice.*

*m. The law regarding IRC §6039F is extremely complicated, especially considering Plaintiff's residency in Mexico.*

*n. Plaintiff relied in good faith on his tax specialist's substantive advice.*

*o. Plaintiff's tax attorney was a competent professional who had sufficient expertise to justify Plaintiff's reliance.*

*p. Plaintiff did report the gifts from his father on his Mexican tax return pursuant to the advice he received from his Mexican tax professionals.*

*q. Plaintiff immediately filed Form 3520 upon receiving notice from the Internal Revenue Service that he might be required to do so.*

*r. Plaintiff terminated the services of his tax attorney and retained the services of a new international tax specialist to prepare subsequent income tax and information returns.*

*s. Plaintiff acted responsibly before and after discovering the error.*

*t. Considering all the facts and circumstances, Plaintiff had reasonable cause for his failure to timely file Form 3520 reporting the gifts he received from his father during the year 2010.*

**Answer**: The United States lacks sufficient knowledge or information to form a belief about the truth of ¶ 48, including all of its subparts.

### *B. Defendant lacks statutory authority to assess penalties under I.R.C. § 6039F*

49. *Alternatively, Plaintiff is entitled to a refund of the civil penalty he paid for 2010 because the Internal Revenue Service lacks statutory authority to assesses penalties under IRC § 6039F. See Farhy v. Commissioner, 160 T.C. No. 6, reversed 100 F.4th 2023 (Court of Appeals, District of Columbia Circuit 05/03/2024); See also Does the Farhy Decision Apply to 3520 Penalty Assessments? Practical Tax Strategies, November 2023 (WG&L) – Exhibit 10. Although the Tax Court's decision in Farhy was reversed by the Court of Appeals for the District of Columbia Circuit, neither the Fifth Circuit Court of Appeals nor the United States Supreme Court has considered this issue. Consequently, out of an abundance of caution, Plaintiff respectfully submits this Court should follow the reasoning and reach the same conclusion as the United States Tax Court in Farhy.*

**Answer**: The United States denies Plaintiff is entitled to a refund on the alternative basis alleged in ¶ 49.

### F. Prayer for Relief

*WHEREFORE, Plaintiff prays that this Court enter judgment:*

*(A) Declaring that Plaintiff is entitled to a refund of the civil penalty he paid for the tax year ended December 31, 2010 in the amount of $90,000 plus interest at the statutory rate (a total of $108,913.75 as of December 9, 2022).*

*(B) Granting Plaintiff such other and further relief to which Plaintiff may be entitled and that this Court deems appropriate.*

**Answer**: The remainder of the Complaint is a prayer for relief that does not require a response. To the extent it require a response, the United States admits that Plaintiff is seeking certain relief but denies that Plaintiff is entitled to any of the relief requested.

**G. Request for Jury Trial**

50. *Plaintiff respectfully requests a jury trial.*

**Answer**: The United States admits that Plaintiff requests a jury trial.

## II. AFFIRMATIVE DEFENSES

1. The statute of limitations bars Plaintiff's claim.

## III. COUNTERCLAIM

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this counterclaim to reduce to judgment unpaid federal civil tax penalties owed by Antonio Cesar Fuentes and to seek recovery of an erroneous refund he received.

For its Counterclaim, the United States alleges as follows:

### Jurisdiction, Venue, and Parties

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1340, and 1345 as well as 26 U.S.C. §§ 7401–02.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396 because Defendant Fuentes is a nonresident citizen.

**Facts**

3. Antonio Cesar Fuentes's father, Eduardo Fuentes Varela, was a Mexican Citizen.

4. Eduardo Fuentes Varela provided foreign gifts to Antonio Cesar Fuentes that, in aggregation, exceeded $100,000 for tax year 2010.

5. Antonio Cesar Fuentes failed to timely report his foreign gifts on Form 3520 for tax year 2010.

6. Eduardo Fuentes Varela provided foreign gifts to Antonio Cesar Fuentes that, in aggregation, exceeded $100,000 for tax year 2011.

7. Antonio Cesar Fuentes failed to timely report his foreign gifts on Form 3520 for tax year 2011.

8. Eduardo Fuentes Varela provided foreign gifts to Antonio Cesar Fuentes that, in aggregation, exceeded $100,000 for tax year 2012.

9. Antonio Cesar Fuentes failed to timely report his foreign gifts on Form 3520 for tax year 2012.

10. Eduardo Fuentes Varela provided foreign gifts to Antonio Cesar Fuentes that, in aggregation, exceeded $100,000 for tax year 2015.

11. Antonio Cesar Fuentes failed to timely report his foreign gifts on Form 3520 for tax year 2015.

12. The IRS referred the 2010, 2011, 2012, and 2015 civil tax penalty issues to the United States' Department of Justice in January 2025 for defense of his refund claim for 2010 and for prosecution of counterclaims to reduce the unpaid assessments for 2011, 2012, and 2015 to judgment.

13. Despite the IRS no longer having authority, the IRS "abated" Fuentes's civil tax penalties for tax years 2010, 2011, 2012, and 2015 on the following dates.

| Tax Year | Date of Purported Abatement | Did Purported Abatement Occur Before or After the DOJ Referral January 2025? |
|---|---|---|
| 2010 | April 21, 2025 | After |
| 2011 | April 21, 2025 | After |
| 2012 | July 21, 2025 | After |
| 2015 | July 21, 2025 | After |

**COUNT I**

**REDUCE UNPAID CIVIL TAX PENALTIES TO JUDGMENT AGAINST ANTONIO CESAR FUENTES**

14. On the following dates, a delegate of the Secretary of the Treasury made assessments against Antonio Cesar Fuentes for civil tax penalties for the following tax periods and in the following amounts (collectively, "tax liabilities"), which have balances due with accruals and costs, as of December 23, 2024, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due |
|---|---|---|---|---|
| 12/31/2011 | 06/11/2018 | Civil Penalty - Foreign Gift | $90,000.00 | $86,646.73 |
| 12/31/2012 | 06/11/2018 | Civil Penalty - Foreign Gift | $90,000.00 | $127,531.26 |
| 12/31/2015 | 06/11/2018 | Civil Penalty - Foreign Gift | $54,063.00 | $76,608.03 |
| **Total:** | | | | **$290,786.02** |

15. A delegate of the Secretary of the Treasury gave notice and demand for payment of the tax liabilities described above to Antonio Cesar Fuentes. After the

application of statutory interest, penalties, other additions, abatements, payments, and credits, the civil penalty tax liabilities described above had a **$290,786.02** unpaid balance due as of December 23, 2024.

16. Despite notice and demand for payment, Antonio Cesar Fuentes has failed, neglected, or refused to fully pay the tax liabilities described above.

17. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Antonio Cesar Fuentes is liable to the United States for the civil penalty tax liabilities in the amount of **$290,786.02** as of December 23, 2024, plus statutory additions, prejudgment and post judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until paid.[1]

## COUNT II
### ERRONEOUS REFUND
### AGAINST ANTONIO CESAR FUENTES

18. To recover an erroneous refund, the United States must prove the following: (1) that it issued a refund to Fuentes, (2) the amount of the refund, (3) the timeliness of the action, and (4) that Fuentes was not entitled to the refund.

19. On the following dates, a delegate of the Secretary of the Treasury made assessments against Antonio Cesar Fuentes for civil tax penalties for the following tax periods and in the following amounts (collectively, "tax liabilities"),

[1] To the extent the recovery of the erroneous refund in Count II of this counterclaim satisfies any of these amounts, the United States only seeks in its counterclaim to recover each penalty amount a single time, plus appropriate statutory interest for the four periods at issue in this suit.

which have balances due with accruals and costs, as of December 20, 2024, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|
| 12/31/2010 | 06/11/2018 | Civil Penalty - Foreign Gift | $90,000.00 |
| 12/31/2011 | 06/11/2018 | Civil Penalty - Foreign Gift | $90,000.00 |
| 12/31/2012 | 06/11/2018 | Civil Penalty - Foreign Gift | $90,000.00 |
| 12/31/2015 | 06/11/2018 | Civil Penalty - Foreign Gift | $54,063.00 |

20. After the IRS erroneously "abated" the amounts on April 21, 2025, and July 21, 2025, the IRS erroneously eliminated Fuentes's civil tax penalties for 2010, 2011, 2012, and 2015 when it lacked authority to do so. This, in turn resulted in the IRS issuing a refund in the amount of $132,520.27 on July 28, 2025, for tax year 2012, and $42,276.93 on July 21, 2025, for tax year 2015, and satisfying the first two elements. The total erroneous refund amount is $174,797.20.

21. Third, this claim for erroneous refund is timely. Generally, the United States has to file suit within two years of making the erroneous refund.

22. Fourth, Fuentes is not entitled to a refund because the IRS lacked authority to issue it and because his failure to timely file the Forms 3520 at issue was not due to reasonable cause.

23. Fuentes did not timely file his Form 3520, reporting a foreign gift tax in 2010, 2011, 2012, and 2015.

24. Fuentes did not have reasonable cause to not timely file his Form 3520, reporting a foreign gift tax in 2010, 2011, 2012, and 2015.

25. To establish reasonable cause through reliance on the advice of a tax adviser, the taxpayer must meet the following three-prong test: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer relied in good faith on the adviser's judgment.

26. Fuentes did not provide the necessary and accurate information to any advisor that he was receiving foreign gifts from his father.

27. No adviser advised Fuentes not to file Form 3520 for tax years 2010, 2011, 2012, and 2015.

28. Fuentes did not rely on any adviser's judgment to not file Form 3520 tax years 2010, 2011, 2012, and 2015.

## IV. PRAYER FOR RELIEF

For these reasons, the United States asks the Court to:

A. Enter judgment that Antonio Cesar Fuentes is not entitled to any refund; and

B. That Antonio Cesar Fuentes is liable to the United States for the federal civil penalty liabilities arising out of the 2011, 2012, and 2015 tax years, in the amount of **$290,786.02**, as of December 23, 2024, plus statutory additions, including prejudgment and post judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C. Find that Antonio Cesar Fuentes is indebted to the United States in the amount of $174,797.20 for the erroneous refund issued to him, plus interest

from the date of the erroneous refund as mandated by 26 U.S.C. § 6602, and that the United States shall have a judgment against Fuentes in that amount plus interest from the date of the erroneous refund as mandated by 26 U.S.C. § 6602, less any applicable credits and deposits.

D. Provide other relief the Court deems just and proper, including costs.

*/s/ Christian A. Orozco*
Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorney for the United States of America

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record by way of electronic filing on August 19, 2025.

*/s/ Christian A. Orozco*
Christian A. Orozco
Trial Attorney, Tax Division