**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' FIRST AMENDED COUNTERCLAIM FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiff/Counter-Defendant, Antonio Cesar Fuentes, moves the Court to dismiss the United States' First Amended Counterclaim for improper venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure or, in the alternative, to transfer venue to the Western District of Texas.

## I. BACKGROUND

The Internal Revenue Service assessed civil penalties against Antonio Cesar Fuentes (hereinafter referred to as Fuentes) for tax years 2010, 2011, 2012 and 2015 for filing Form 3520 late. Fuentes paid the civil penalty for tax year 2010. He then filed a claim for refund of the 2010 civil penalty and filed requests for abatement of the 2011, 2012 and 2015 civil penalties with the Internal Revenue Service. Fuentes waited the requisite period of time and then filed a Complaint in the Western District of Texas seeking a refund of the 2010 civil penalty based on his having reasonable cause for filing Form 3520 late, specifically his reliance on a qualified tax advisor. After a transfer of venue, the United States filed a counterclaim seeking recovery of the unpaid civil penalties for 2011, 2012, and 2015.

After the Complaint was filed, the Internal Revenue Service abated all civil penalties for tax years 2010, 2011, 2012 and 2015, having found reasonable cause for filing Forms 3520 late.

As a result of its abatement, the Internal Revenue Service refunded Plaintiff's money (plus interest) and then released its federal tax lien covering the civil penalties for tax years 2010, 2011, 2012 and 2015. Exhibits 1, 2, 3, 4 and 5. Because Fuentes has received the refund he sought in his Complaint, the Complaint is now moot. As a result, Fuentes has filed a motion to voluntarily dismiss his now moot Complaint.

On August 19, 2025, the United States inexplicably filed a First Amended Counterclaim seeking recovery of the already abated penalties, in direct contradiction with the findings, conclusions and actions of the agency it represents, the Internal Revenue Service, who had abated these civil penalties. The United States' First Amended Counterclaim seeks, "to reduce to judgment unpaid federal civil tax penalties owed by Antonio Cesar Fuentes and to seek recovery of an erroneous refund he received." For the reasons stated below, the United States' First Amended Counterclaim (including both Counts I and II) should be dismissed with prejudice for improper venue. In the alternative, venue should be transferred to the Western District of Texas.

## II. FACTS

1. It is uncontested that Fuentes resides in Juarez, Chihuahua, Mexico.

2. The city of El Paso and the city of Juarez are divided only by the Rio Grande river. An international bridge connects the two cities.

3. The city of El Paso is located in the Western District of Texas.

4. Fuentes regularly travels to El Paso for business and personal reasons. ECF No. 7-1.

5. Fuentes' home in Juarez is located approximately 7 miles from the federal courthouse in El Paso.[1]

[1] All distances recited herein were obtained from Google Maps.

6. Fuentes' home in Juarez is located approximately 1,964 miles from the federal courthouse in Washington D.C.

7. Fuentes deposited the gifts he received from his father during the years 2010, 2011, 2012, and 2015 in his bank account in El Paso. ECF No. 1, ¶ 12.

8. Alfonso Soto, Fuentes' tax attorney, mailed Fuentes' Forms 3520 to the Internal Revenue Service from his office located at 11395 James Watt Drive, Suite A-9, in El Paso, Texas. ECF No. 1-5.

9. The Internal Revenue Service in Austin, Texas, mailed the Notice of Penalty Charge for each of the years 2010, 2011, 2012, and 2015 to Fuentes' mailing address in El Paso, Texas. Exhibit 6.

10. Soto's current office is located at 211 N. Florence in El Paso, Texas, which is approximately half a mile from the federal courthouse in El Paso and approximately 1,962 miles from the federal courthouse in Washington, D.C.

11. The undersigned counsel's office is located at 801 N. El Paso St., El Paso, Texas which is approximately 1 mile from the federal courthouse in El Paso and approximately 1,962 miles from the federal courthouse in the Washington D.C.

12. Counsel for the United States' office is located at 1700 Pacific Avenue in Dallas, Texas which is approximately 640 miles from the federal courthouse in El Paso and approximately 1,331 miles from the federal courthouse in Washington D.C.

13. The United States Attorney's Office in El Paso is located at 700 E. San Antonio which is across the street from the federal courthouse in El Paso.

14. To the best of the undersigned counsel's knowledge, there are no direct flights from El Paso, Texas to Washington D.C.

## III. LAW/ARGUMENT

A. Motion to Dismiss for Improper Venue

Fuentes filed a motion to voluntarily dismiss his Complaint because it is now moot. At issue now is the proper venue for the United States' First Amended counterclaim. District courts are authorized to dismiss a case for improper venue by 28 U.S.C § 1406(a). Under Rule 12(b)(3), a party may move to dismiss an action based on improper venue. "Once challenged, the burden of sustaining venue lies with the plaintiff." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016). Because the District of Columbia is not a proper venue, the United States' First Amended Counterclaim should be dismissed.

28 U.S.C. § 1396 governs venue in civil actions involving the collection of internal revenue taxes. As such, the statute determines the proper venue for both Count 1 and Count 2 of the United States' First Amended Counterclaim both of which seek collection of internal revenue taxes. Section 1396 provides: "Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." The facts in this case unequivocally show (1) the civil penalties did not accrue in the District of Columbia, (2) Fuentes has never resided in the District of Columbia, and (3) none of the returns were filed in the District of Columbia. In fact, the District of Columbia has no connection to the case whatsoever.

Clearly, the civil penalties at issue did not accrue in the District of Columbia under any theory. The United States advances none. Factually, the Forms 3520 were not mailed to the Internal Revenue Service from an address in the District of Columbia nor were they mailed to the Internal Revenue Service at an address in District of Columbia. Consequently, the returns were not filed in the District of Columbia under any theory. Further, it is beyond dispute that, factually,

Fuentes has never resided in the Distrct of Columbia. As such, under the express terms of the governing venue statute, venue does not properly lie in the District of Columbia.

However, despite these undisputed facts, the United States asserts venue is proper in the District of Columbia because "Fuentes is a nonresident citizen". ECF No. 18, Pg. 14. By way of background, Fuentes filed his Complaint seeking a recovery of the 2010 civil penalty in the Western District of Texas. Before filing its counterclaims, the United States filed a motion to transfer Fuentes' Complaint to the District of Columbia arguing the only proper venue for taxpayer refund suits is the judicial district where the taxpayer resides. ECF No. 5. Because Fuentes did not reside in any judicial district in the United States, Fuentes was "treated" as a resident of the District of Columbia under a never before used and unsupportable theory propounded by the United States. Only then, after venue was transferred to the District of Columbia, did the United States filed its Counterclaim and then its First Amended Counterclaim.

The venue statute that governed Fuentes' Complaint is a different statute than the one that governs the United States First Amended Counterclaim. Fuentes' Complaint against the United States seeking a refund of the civil penalty he paid (which he has voluntarily dismissed) was governed by 28 U.S.C. § 1391. The venue statute specifically applicable to the United States' First Amended Counterclaim against seeking to collect taxes from Fuentes, on the other hand, is 28 U.S.C. §1396. Under the venue statute governing "the collection of internal revenue taxes", venue is not proper in the District of Columbia. Furthermore, under that statute, there is need or good reason to "treat" Fuentes as a fictional resident of the District of Columbia.

Because venue is not proper in the District of Columbia, the United States' First Amended Counterclaim should be dismissed with prejudice.

B. Motion to Transfer Venue to the Western District of Texas

In the event the Court determines venue properly lies in the District of Columbia, Fuentes moves the Court to transfer venue to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The United States' First Amended Counterclaim could have been brought in the Western District of Texas. Fuentes deposited the gifts he received from his father in his bank account in El Paso, Texas. The tax specialist (Alfonso Soto) who prepared Fuentes' returns, including Forms 3520, on whom Fuentes relied, was located in El Paso, Texas. The Forms 3520 were mailed to the Internal Revenue Service from Soto's office in El Paso. The Internal Revenue Service in Austin, Texas, mailed each Notice of Penalty Charge to Fuentes' mailing address in El Paso. Clearly, the returns were filed in the Western District of Texas and the liabilities accrued in the Western district of Texas thereby satisfying two alternative basis for establishing venue in the Western District of Texas. The First Amended Counterclaim could have been brought in the Western District of Texas.

Having the case situated in the Western District of Texas would undoubtedly be far more convenient to all the parties, witnesses, and counsel involved. A trial in the District of Columbia (not to mention pretrial conferences, hearings, etc.) would needlessly entail a tremendous outlay of time and money for all of the parties, witnesses and counsel involved including expensive airfare, wasted travel time, food, lodging, and time away from home and family. On the other hand, all of the parties, witnesses and counsel (other than counsel for the United States) live and work near the federal courthouse in El Paso. If the case is transferred to the Western District of Texas (where it could have been brought), none of them would have to incur any airfare or lodging

expenses and they could all eat and sleep at home with their families. Additionally, having the case transferred to the Western District of Texas would likely be more convenient for counsel for the United States because El Paso is half the distance, there are direct flights from Dallas to El Paso, and counsel's office regularly handles tax cases filed in the Western District of Texas. It is evident from the foregoing that a transfer to the Western District of Texas would be in the interest of justice.

The undersigned counsel has conferred with counsel for the United States and has been authorized to state that the United States objects to a transfer of venue to the Western District of Texas.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Fuentes respectfully prays the Court:

1. Dismiss the United States' First Amended Counterclaim for improper venue.
2. In the alternative, transfer venue to the Western District of Texas.

Dated: September 8, 2025

Respectfully submitted

/s/ John Leeper
JOHN LEEPER
Counsel for Plaintiff
Texas Bar No. 12156550
801 N. El Paso St., Suite 225
El Paso, Texas 79902
Tel. (915) 532-3447
Fax: (915) 532-3455
leeperjo@aol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion has been served on all counsel of record through electronic filing this 8th day of September, 2025.

/s/ John Leeper
JOHN LEEPER