**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' FIRST AMENDED COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISTION**

Plaintiff/Counter-Defendant, Antonio Cesar Fuentes, moves the Court to dismiss the United States' First Amended Counterclaim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

## I. BACKGROUND

The Internal Revenue Service assessed civil penalties against Antonio Cesar Fuentes (hereinafter referred to as Fuentes) for tax years 2010, 2011, 2012 and 2015 for filing Form 3520 late. Fuentes paid the civil penalty for tax year 2010. He then filed a claim for refund of the 2010 civil penalty and filed requests for abatement of the 2011, 2012 and 2015 civil penalties with the Internal Revenue Service. Fuentes waited the requisite period of time and then filed a Complaint in the Western District of Texas seeking a refund of the 2010 civil penalty based on his having reasonable cause for filing Form 3520 late, specifically his reliance on a qualified tax advisor. After a transfer of venue, the United States filed a counterclaim seeking recovery of the civil penalties for 2011, 2012, and 2015.

In addition to filing a complaint in federal court, Fuentes administratively appealed the Service's disallowance of his claim for refund and request for abatement to the Internal Revenue

Service's Office of Appeals. After considering Fuentes' evidence and arguments, the Internal Revenue Service abated all of the civil penalties for tax years 2010, 2011, 2012 and 2015, having found reasonable cause for filing Forms 3520 late. As a result of its abatement of the civil penalties for all years, the Internal Revenue Service also refunded Fuentes' money (plus interest) and then released its federal tax lien covering the civil penalties for tax years 2010, 2011, 2012 and 2015. Because Fuentes received the refund he sought in his complaint, Fuentes has filed a motion to voluntarily dismiss the complaint, which is now moot.

On August 19, 2025, the United States inexplicably filed a First Amended Counterclaim seeking recovery of the already abated civil penalties, in direct contradiction with the findings, conclusions and actions of the agency it represents, that is, the Internal Revenue Service, who has already abated and refunded those civil penalties and released its federal tax lien. Because the penalties at issue in Counts I and II of the First Amended Counterclaim have already been abated by the Internal Revenue Service, the First Amended Counterclaim is moot and should be dismissed for lack of subject matter jurisdiction with prejudice.

## II. FACTS

1. Fuentes filed Forms 3520 reporting the gifts he received from his father during tax years 2010, 2011, 2012 and 2015 on or about November 15, 2017. ECF No. 1-5.

2. On June 11, 2018, the Internal Revenue Service assessed a civil penalty under I.R.C § 6039F for Fuentes' failure to timely file Form 3520 for each of the years 2010, 2011, 2012, and 2015. Exhibit 6.

3. On December 9, 2022, Fuentes paid the civil penalty for tax year 2010, plus interest that had accrued on the penalty. ECF No. 1-8.

4. On December 16, 2022, Fuentes filed Form 843 requesting a refund of the civil penalty he paid for 2010. ECF No. 1-1.

5. On December 16, 2022, Fuentes also filed Forms 843 requesting abatement of the civil penalties for tax years 2011, 2012 and 2015. Exhibit 7.

6. On January 16, 2024, the Internal Revenue Service denied Fuentes' claim for refund of the civil penalty for tax year 2010. ECF No. 1-9.

7. On February 13, 2024, the Internal Revenue Service also denied Fuentes' request for abatement of the civil penalties for tax years 2011, 2012, and 2015. Exhibit 8.

8. On March 4, 2024, Fuentes appealed the denial of his claim for refund of the civil penalty for tax year 2010 to the Independent Office of Appeals. Exhibit 9.[1]

9. On March 5, 2024, Fuentes appealed the denial of his request for abatement of the civil penalty for tax years 2011, 2012, and 2015 to the Independent Office of Appeals. Exhibit 10.[2]

10. On November 25, 2024, Fuentes filed the instant lawsuit seeking a refund of the civil penalty he paid for tax year 2010. ECF No. 1.

11. On April 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2010. Exhibit 1.

12. On April 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2011. Exhibit 2.

13. On July 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2012. Exhibit 3.

---

[1] The attachments to Fuentes' appeal are not included in Exhibit 9 due to the volume and repetitive nature of the attachments.

[2] The attachments to Fuentes' appeal are not included in Exhibit 10 due to the volume and repetitive nature of the attachments.

14. On July 21, 2025, the Internal Revenue Service abated the civil penalty for tax year 2015. Exhibit 4.

15. Because the civil penalties were abated, the Internal Revenue Service filed a Certificate of Release of Federal Tax Lien releasing the federal tax lien that secured payment of the civil penalties for tax years 2010, 2011, 2012 and 2015. Exhibit 5.

## III. LAW/ANALYSIS

### A. Mootness

16. The Internal Revenue Service has determined Fuentes had reasonable cause for filing Form 3520 late. Because Fuentes was found to have reasonable cause, the Internal Revenue Service abated all of the civil penalties, refunded all payments that had been applied to the civil penalties, and released the federal tax lien securing payment of the civil penalties for all years.

17. Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that, at all stages of the case, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Id*.

18. Where intervening events after the filing of a lawsuit prevent a court from ordering any relief, the case is moot. See *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).

19. In this case, after Fuentes' filed his Complaint, the Internal Revenue Service determined Fuentes had reasonable cause for filing Forms 3520 late and abated all civil penalties for tax years 2010, 2011, 2012, and 2015, thereby rendering the claims set forth in the United States' First Amended Counterclaim moot.

20. The United States admits, as it must, the Internal Revenue Service has abated all of the civil penalties that the United States is trying to collect in its First Amended Counterclaim. ECF 18, Pg. 15. Adding the word "purported" and putting quotation marks around the word "abate" does not change the fact that the Internal Revenue Service, the agency the United States represents, knowingly and intentionally abated the civil penalties at issue in the First Amended Counterclaim.

B. Collateral Estoppel

21. The United States Supreme Court has expressly authorized federal courts to grant agency determinations collateral estoppel effect. *United States v. Utah Construction and Mining Company, 384 U.S. 396 (1966)*. Courts generally apply a flexible standard in determining whether to grant an agency determination collateral estoppel effect. In this case, the Court should give the Internal Revenue Service's determination collateral estoppel effect.

22. The issue that was decided by the Internal Revenue Service in Fuentes' administrative appeal is precisely the same issue the United States is asking the Court to decide in the First Amended Counterclaim, that is, whether Fuentes had reasonable cause for filing Forms 3520 late. The Internal Revenue Service, the agency that imposed the penalties, has already decided that Fuentes did, in fact, have reasonable cause. Furthermore:

23. The penalty at issue in Fuentes' administrative appeal is identical to the penalty at issue in the United States' First Amended Counterclaim.

24. The parties involved in Fuentes' administrative appeal are identical to the parties involved in the United States' First Amended Counterclaim

25. The controlling facts in Fuentes' administrative appeal are identical to the controlling facts in the United States' First Amended Counterclaim.

26. The controlling law in Fuentes' administrative appeal is identical to the controlling law in the United States' First Amended Counterclaim.

27. The years involved in Fuentes' administrative appeal are identical to the years involved in the United States' First Amended Counterclaim.

28. All of these facts are <u>indisputable</u>.

29. It is quite telling that the United States' First Amended Counterclaim:

a. Admits the civil penalties were all abated by its client, the Internal Revenue Service. ECF No. 18, Pg. 15, ¶13. That admission should be dispositive.

b. Continues to refer to civil penalty amounts that were owed before the civil penalties were abated by its client. ECF No. 18, Pg. 15, ¶14.

c. Does not cite any legal authority whatsoever for the bold, unfounded, statement that the Internal Revenue Service did not have authority to abate its own civil penalties.

30. Taking a position in a tax case that is in direct conflict with the position taken by the Internal Revenue Service in the very same case involving the very same parties and the very same issues is not substantially justified and would surely justify an award of costs, including attorney's fees, to Fuentes for continuing to consume this Court's time pursuing meritless and expensive litigation.

31. Because the Internal Revenue Service has already considered the issues raised in the United States' First Amended Counterclaim and determined Fuentes had reasonable cause for filing Forms 3520 late for each of the tax years 2010, 2011, 2012, and 2015, the First Amended Counterclaim should be dismissed with prejudice.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Fuentes respectfully prays the Court dismiss the United States' First Amended Counterclaim, including both Count I and Count II, for lack of subject matter jurisdiction, with prejudice.

Dated: September 8, 2025

Respectfully submitted

/s/ John Leeper
JOHN LEEPER
Counsel for Plaintiff/Counter-Defendant
Texas Bar No. 12156550
801 N. El Paso St., Suite 225
El Paso, Texas 79902
Tel. (915) 532-3447
Fax: (915) 532-3455
leeperjo@aol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Dismiss the First Amended Counterclaim has been served on all counsel of record through electronic filing this 9th day of September, 2025.

/s/ John Leeper
JOHN LEEPER