IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Case No: 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant/Counterclaimant,* | § | |

**UNITED STATES' RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR LACK OF JURISDICTION (MOOTNESS) WITH PREJUDICE**

Federal law authorizes the Internal Revenue Service to refer cases involving specific federal tax liabilities to the Department of Justice to defend. Once the IRS does refer cases, IRS cannot legally take any action whatsoever to compromise or concede those liabilities; only the DOJ can.

In January 2025, the IRS referred to the DOJ to litigate Plaintiff/Counter-Defendant Antonio Cesar Fuentes's civil penalties for years 2010, 2011, 2012, and 2015. Three months later — unbeknownst to the DOJ and without authority—the IRS "abated" Fuentes's civil penalties for years 2010, 2011, 2012, and 2015.

Fuentes now touts these abatements as mooting the claims in this suit at issue. *See generally* Mot. to Dismiss First Am. Countercl. for Lack of Subject Matter Juristion (sic) (ECF No. 22). Because the IRS lacked the authority to make any abatements of those penalties, the Court should deny Fuentes's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Antonio Cesar Fuentes failed to report his foreign gifts for the years 2010, 2011, 2012, and 2015. Compl. ¶ 1, Nov. 25, 2024, ECF No. 1; First Am. Countercl. ¶¶ 5–11, Aug. 19, 2025, ECF No. 18. As a result, the IRS issued a civil tax penalties for these years. Compl. ¶¶ 1, 28; First Am. Countercl. ¶¶ 12–13.

In November 2024, Antonio Cesar Fuentes sued the United States to recover only his 2010 civil tax penalty. *See generally* Compl. ¶ 1. Two months later, in January 2025, the IRS authorized the DOJ to file defend the 2010 tax year and counterclaim on tax years 2011, 2012, and 2015. First Am. ¶ 12; Ex. A (Stan Decl. ¶¶ 5–6).

The IRS abated in error the civil tax penalties on the following dates:

| Tax Year | Date of Purported Abatement | Did Purported Abatement Occur Before or After the DOJ Referral January 2025? |
|---|---|---|
| 2010 | April 21, 2025 | After |
| 2011 | April 21, 2025 | After |
| 2012 | July 21, 2025 | After |
| 2015 | July 21, 2025 | After |

Mot. to Dismiss First Am. Countercl. for Lack of Subject Matter Juristion (sic) ¶¶ 11–14, Sept. 9, 2025, ECF No. 22; First Am. Countercl. ¶ 13; Ex. A (Stan Decl. ¶ 9.). Fuentes now asks this Court to dismiss the 2010, 2011, 2012, and 2015 on mootness and collateral estoppel grounds.

## II. LEGAL STANDARD

"Article III of the Constitution limits [the Court's] jurisdiction to actual, ongoing controversies." *Zukerman v. United States Postal Serv.*, 961 F.3d 431, 441 (D.C. Cir. 2020) (citation omitted); U.S. CONST. art. III, § 2, cl. 1 (noting federal jurisdiction is limited to "Cases or Controversies"). "A lawsuit becomes moot—and is therefore no longer a 'Case' or 'Controversy'—when the issues presented are no longer live or the parties lack a legally

cognizable interest in the outcome." *Almaqrami v. Pompeo*, 933 F.3d 774, 779 (D.C. Cir. 2019) (citation omitted).

"A court may appropriately dispose of a case under 12(b)(1) on mootness grounds." *Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (Bates, J.) (cleaned up). "In deciding a motion to dismiss based upon lack of subject matter jurisdiction, the Court need not limit itself to the allegations of the complaint." *Passut v. Cardona*, 540 F. Supp. 3d 27, 35 (D.D.C. 2021) (Walton, J.) (citation omitted). "Additionally, a court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), aff'd, No. 00-7176, 2001 WL 135857 (D.C. Cir. Jan. 18, 2001) (Kennedy, J.).

Ultimately, Fuentes, "as the party urging mootness, bears the 'heavy burden' of establishing that the case is moot." *Zukerman v. United States Postal Serv.*, 961 F.3d 431, 441 (D.C. Cir. 2020) (citation omitted).

## IV. ARGUMENT

Congress has authorized the IRS to compromise its cases. 26 U.S.C. § 7122. Section 7122(a) delineates when the IRS has authority to compromise and when it relinquishes that authority to the Department of Justice.

> The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.

§ 7122(a). This delineation occurs no later than the moment the IRS refers a claim to the DOJ. When the IRS refers a tax claim to the DOJ, the power to compromise the claim rests exclusively with the "Attorney General or his delegate." 26 U.S.C. § 7122(a). From that time forward, the

IRS lacks authority to act on the claim. *See id.*; *see also Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 321 (1996) ("Put another way, it is beyond the scope of the IRS's authority to settle unilaterally a factual issue in a case pending in this court, after . . . the case has been referred to the Department of Justice.").

Numerous cases have agreed with that plain language reading of the statute—including the D.C. Circuit. *See Inverworld Ltd. v. Comm'r,* No. 98-1257, 2001 WL 1489101, at *1 (D.C. Cir. Oct. 16, 2001) ("The Attorney General, not the Internal Revenue Service, has express authority to settle tax disputes that have been referred to DOJ for litigation.") (per curiam); *United States v. Jackson*, 511 Fed. App'x 200, 202–03 (3d Cir. 2013) (collecting cases) ("The IRS lost its authority to compromise [the plaintiff's] tax liabilities . . . when it referred [the plaintiff's] case to the DOJ for prosecution."); *Faust v. United States*, 28 F.3d 105 (9th Cir. 1994) (finding that the United States neither agreed to settle a case where the Attorney General nor her delegates agreed to the purported settlement after the case had been referred to the DOJ).

In line with § 7122, the IRS's Internal Revenue Manual (IRM)—a statement of policy, guidelines, and procedures—follows suit, explaining that after referring a case to the DOJ, "Justice has the exclusive authority to make and approve adjustments to the referred tax liabilities." IRM 34.8.2.12; *see also Grant v. Mnuchin*, 373 F. Supp. 3d 286, 297 n.5 (D.D.C. 2019) ("Internal Revenue Manual (IRM) is a public document containing Internal Revenue Service policies and procedures, available online through the Internal Revenue Service website, among other places, https://www.irs.gov/irm.") (Collyer, J.).

Fuentes's Motion to Dismiss proclaims that the United States' counterclaims are moot because the IRS "abated" the 2010, 2011, 2012, and 2015 tax years. Mot. to Dismiss ¶¶ 11–14. Not true.

As § 7122 demands, the IRS lost its authority to compromise Fuentes's tax liabilities by January 2025 when it referred his case to the DOJ for defense and prosecution. *See* Ex. A (Stan Decl. ¶¶ 5–9). Because the purported abatements occurred ***after*** referral to the DOJ, the IRS's actions have no legal effect and are immaterial to this suit. "Accordingly, the abatements made in 20[25] were void because they were made without authorization from the DOJ." *United States v. Jackson*, 511 F. App'x 200, 203 (3d Cir. 2013). In other words, the IRS's original assessments remain valid because the IRS's subsequent "abatements"—made after referral to the DOJ—were void. *See id.*; *see also* IRM 34.8.2.12 ("Any abatement of unpaid tax made by the Service for a liability that has been referred to Justice must be authorized by Justice or it will be void.").

Relatedly, courts have recognized that inadvertent or ministerial errors may be reversed without a new assessment. *See, e.g.*, *Matter of Bugge*, 99 F.3d 740, 745-46 (5th Cir. 1996); *In re Becker*, 407 F.3d 89, 97 (2d Cir. 2005). In sum, the IRS's purported abatements of Fuentes's penalties were void and did not result in full payment of those penalties.

After the IRS referred the Fuentes's 2010, 2011, 2012, and 2015 tax years, the power to concede the claims rests with the DOJ. *See Inverworld Ltd.,* 2001 WL 1489101, at *1; Ex. A (Stan Decl. ¶¶ 5–6).[1] Even a recent opinion issued last month confirms that the IRS's action after referral to DOJ lack legal force when such action has not been approved by DOJ. *JPM Rest., LLC v. United States*, No. 1:24-CV-357, 2025 WL 2176508, at *3 (E.D. Tenn. July 31, 2025) ("Without authorization from the Attorney General or its agents, the IRS's 'erroneous approval'

[1] Given the work-product and attorney-client privilege nature of the IRS letters by which the IRS referred the defense of Fuentes's refund suit and prosecution of the United States' first counterclaim encompassing all of the years at issue, the United States can make them available to the Court for an in-camera review, if the Court deems it necessary.

lacked legal force.") (relying solely on IRS's counsel's declaration asserting that IRS had referred matter to the DOJ).

Fuentes makes another argument: that the IRS has already "decided" that he had reasonable cause for filing his returns late such that the United States is collaterally estopped from pursuing judgment on its counterclaims. Mot. to Dismiss ¶¶ 21–22 (citing *United States v. Utah Construction and Mining Company*, 384 U.S. 394 (1966)).[2] This argument has nothing to do with the Court's jurisdiction and, likewise, lacks merit.

> "[C]ollateral estoppel bars successive litigation of an issue of fact or law when
>
> (1) the issue is actually litigated;
>
> (2) determined by a valid, final judgment on the merits;
>
> (3) after a full and fair opportunity for litigation by the parties or their privies; and
>
> (4) under circumstances where the determination was essential to the judgment, and not merely dictum.

*Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 794 (D.C. Cir. 2019) (citation omitted).

To be sure, no "valid, final judgment on the merits" has occurred. As mentioned, the IRS had no authority to make any sort of decision, much less a "final judgment" after referring this suit to the DOJ. *See Inverworld Ltd.,* 2001 WL 1489101, at *1; Ex. A (Stan Decl. ¶¶ 5–6).

Finally, Fuentes's reliance on *Utah Construction* is misplaced. "In *Utah Mining*, the Court interpreted the scope of a contractual clause, in which the parties agreed that an administrative agency would resolve certain disputes." *Showery v. Samaniego*, 814 F.2d 200, 203 n.6 (5th Cir. 1987). "Here there was no administrative determination of the facts to which

---

[2] Fuentes not only has the wrong pin cite but also fails to mention that the case has been superseded on other grounds. *See Van Beneden v. Al-Sanusi*, 12 F. Supp. 3d 62, 71 (D.D.C. 2014) (Collyer, J.) (mentioning that *Utah Construction* has been "superseded on other grounds").

could attach the finality required by the disputes clause, the Wunderlich Act, and general principles of collateral estoppel." *D.C. v. Savoy Const. Co.*, 515 A.2d 698, 705 (D.C. 1986). Similarly, the IRS in the instant case could not resolve a contractual clause so there was no "valid, final judgment on the merits" as required for collateral estoppel to apply. *See Capitol Servs. Mgmt., Inc.*, 933 F.3d at 794.

## V. CONCLUSION

Fuentes does not meet his "heavy burden" to warrant dismissing the United States' counterclaims on mootness because the IRS lacked authority to compromise his liabilities at the time it purported to abate them. *Zukerman*, 961 F.3d at 441. His argument for collateral estoppel is also incorrect and irrelevant to whether this Court has jurisdiction. Thus, the Court should deny Fuentes's motion to dismiss the United States' First Amended Counterclaim for lack of jurisdiction.

Dated: September 17, 2025

Christian A. Orozco
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

ATTORNEY FOR UNITED STATES

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record through electronic filing this September 17, 2025.

*/s/ Christian A. Orozco*
Christian A. Orozco
Trial Attorney, Tax Division