IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Case No: 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant/Counterclaimant,* | § | |
| | § | |

**RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THE COMPLAINT WITHOUT PREJUDICE**

To have the venue return to the Western District of Texas, Plaintiff Antonio Cesar Fuentes seeks to dismiss his complaint. He has sought to voluntarily dismiss his suit on the basis that his claim is "moot" But this alleged mootness only arose because the IRS—without authority—abated his penalties. And without authority, the IRS's actions are void. In light of that, Fuentes's apparent attempt at forum shopping means the motion is not filed in good faith, and the United States would suffer prejudice. Thus, the Court should deny his motion to voluntarily dismiss his Complaint (ECF No. 20).

## I. BACKGROUND

In November 2024, Antonio Cesar Fuentes sued the United States to recover only his 2010 civil tax penalty. *See generally* Compl. ¶ 1, Nov. 25, 2024, ECF No. 1. Two months later, in January 2025, the IRS authorized the DOJ to defend the 2010 tax year and to counterclaim on tax years 2011, 2012, and 2015. First Am. Countercl. ¶¶ 5–11, Aug. 19, 2025, ECF No. 18. The IRS only later abated in error the civil tax penalties for 2010 and the other years invoked by that counterclaim on the following dates:

| Tax Year | Date of Purported Abatement | Did Purported Abatement Occur Before or After the DOJ Referral January 2025? |
|---|---|---|
| 2010 | April 21, 2025 | After |
| 2011 | April 21, 2025 | After |
| 2012 | July 21, 2025 | After |
| 2015 | July 21, 2025 | After |

Mot. to Dismiss for Lack of Subject Matter Juristion (sic) ¶¶ 11–14, Sept. 9, 2025, ECF No. 22; First Am. Countercl. ¶ 13.[1]

## II. LEGAL STANDARD

### A. Voluntarily Dismissals Under Rule 41(a)(2)

A party may seek to dismiss a civil action. But once the opposing party files an answer or counterclaim, only a court order will dismiss an action at the plaintiff's request and only "on terms that the [C]ourt considers proper." Fed. R. Civ. Pro. 41(a)(2). "Dismissal under the rule is not a matter of right but is discretionary both as to whether a dismissal shall be allowed as well as to the terms and conditions to be imposed if allowed." *N.S. by & through S.S. v. D.C.*, 272 F. Supp. 3d 192, 196 (D.D.C. 2017) (Bates, J.) (cleaned up). "To determine whether dismissal is appropriate, a court looks to (1) whether the motion was sought in good faith and (2) whether the defendant would suffer legal prejudice from a dismissal at this stage in the litigation." *Id.* (citation omitted).

## III. ARGUMENT

Fuentes has not sought his dismissal in good faith. After filing his voluntarily motion to dismiss, he immediately moved to dismiss for improper venue, or, in the alternative transfer to

[1] The United States explains in another response, with evidence, that the IRS had referred this suit to the Department of Justice. Resp. to Pl.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction Ex. A (Stan's Declaration), Sept. 17, 2025, ECF No. 23.

the Western District of Texas. *See* ECF No. 21. Dismissal now, after it has amended its counterclaim, would also prejudice the United States.

Fuentes cannot dismiss his suit because the IRS's actions lacked legal force. *See also JPM Rest., LLC v. United States*, No. 1:24-CV-357, 2025 WL 2176508, at *3 (E.D. Tenn. July 31, 2025) ("Without authorization from the Attorney General or its agents, the IRS's 'erroneous approval' lacked legal force."). The IRS's action lacked legal force because the IRS has referred the entire matter to the DOJ. Thus, any IRS actions to abate the liabilities for any of the periods at issue "were void because they were made without authorization from the DOJ." *See United States v. Jackson*, 511 F. App'x 200, 203 (3d Cir. 2013); *see also* IRM 34.8.2.12 ("Any abatement of unpaid tax made by the Service for a liability that has been referred to Justice must be authorized by Justice or it will be void.").

Because the IRS's abatements were void, they had "no legal effect." Void, Black's Law Dictionary (12th ed. 2024). With no legal effect, Fuentes's original action is still live. And with that, Fuentes's original claim could have only been brought in the District of Columbia.

To be sure, Fuentes seeks to voluntarily dismiss his suit with the stated goal of invoking a different venue statute to justify transferring this suit back to the Western District of Texas. *See* Pl.'s Mot. to Dismiss for Improper Venue 5 ("The venue statute that governed Fuentes' (sic) Complaint is a different statute than the one that governs the United States First Amended Counterclaim."). Thus, Fuentes's request for an order of dismissal of his Complaint is not done in good faith.

In other words, Fuentes is engaged in forum shopping. Fuentes is not the first plaintiff not to get his preferred venue. *See Mehle v. Trinity Highway Prods., LLC*, 131 F. Supp. 3d 857, 860 (D. Minn. 2015). In *Mehle*, after the plaintiff filed suit, the defendant successfully transferred to

a different district. *Id.* at 858–59. In the unwanted district, the plaintiff, like Fuentes here, sought to voluntarily dismiss the suit. *Id*. The *Mehle* court rejected the plaintiff's motion for voluntarily dismissal. "[T]his is a case in which [the p]laintiff appears to be seeking a preferred forum for her claims, which presents an improper basis for voluntary dismissal." *Id*. at 860. Much like the plaintiff in *Mehle*, Fuentes "appears to be seeking a preferred forum for [his] claims." *See id.*

Finally, the United States will suffer prejudice because dismissal would give credence that the IRS's actions were in fact legally done, when they were not. *See Jackson*, 511 F. App'x at 203.

## IV. CONCLUSION

The Court should deny Fuentes's motion for voluntary dismissal.

*/s/ Christian A. Orozco*

Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorney for the United States of America

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record by way of electronic filing on September 17, 2025.

*/s/ Christian A. Orozco*

Christian A. Orozco
Trial Attorney, Tax Division