IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO CESAR FUENTES, §
§
*Plaintiff/Counter-Defendant,* §
§
v. § Case No: 1:25-cv-01387-RBW
§
UNITED STATES OF AMERICA, §
§
*Defendant/Counterclaimant,* §
§

**RESPONSE TO**
**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' FIRST AMENDED OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorney for the United States of America

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. LEGAL STANDARD ..... 3

A. Current Venue Improper: Dismissal or Transfer ..... 3

B. Current Venue Proper: Discretionary Transfer ..... 3

IV. ARGUMENT ..... 4

A. Fuentes cannot challenge improper venue because he (1) waived this argument and (2) the District of Columbia is the proper venue ..... 4

1. Fuentes waived his improper venue privilege by waiting too long and through his conduct ..... 4

2. The District of Columbia is the proper venue ..... 5

B. Under § 1404(a) the District of Columbia is still the proper forum ..... 6

1. Fuentes's original claim still exists and thus the District of Columbia is the proper venue ..... 7

2. Viewing only Fuentes's original suit, the District of Columbia is the only proper venue ..... 8

3. Viewing only the counterclaim, which would invoke a different venue statute, the District of Columbia is still a proper venue ..... 9

4. The private and public interests weigh against transferring ..... 11

V. CONCLUSION ..... 15


# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Barnstead Broad. Corp. v. Offshore Broad. Corp.*,
869 F. Supp. 35 (D.D.C. 1994) (Friedman, J.) ..... 4

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ..... 6

*Com. Lighting Prods., Inc. v. U.S. Dist. Ct.*,
537 F.2d 1078 (9th Cir. 1976) ....................8

*Dehaemers v. Wynne*,
522 F. Supp. 2d 240 (D.D.C. 2007) (Kollar-Kotelly, J.) ....................5

*Fanning v. Trotter Site Preparation, LLC*,
668 F. Supp. 2d 60 (D.D.C. 2009) ....................3

*Fla. Bankers Ass'n v. U.S. Dep't of the Treasury*,
799 F.3d 1065 (D.C. Cir. 2015) ....................6

**Fuentes v. United States*,
No. EP-24-CV-423-KC, 2025 WL 1300065 (W.D. Tex. May 6, 2025) ....................2, 5, 6, 9

*Gage v. Somerset Cnty.*,
369 F. Supp. 3d 252 (D.D.C. 2019) (Kollar-Kotelly, J.) ....................3

*George Washington Univ. v. DIAD, Inc.*,
No. CIV. A. 96-301-LFO, 1996 WL 470363 (D.D.C. Aug. 9, 1996)
(Lamberth, J.) ....................5

**Hoffman v. Blaski*,
363 U.S. 335 (1960) ....................8

*JPM Rest., LLC v. United States*,
No. 1:24-CV-357, 2025 WL 2176508 (E.D. Tenn. July 31, 2025) ....................7

*Jumpit, AS v. Why ASAP, LLC*,
No. CIV.A. 04-1079 (PLF), 2005 WL 607914 (D.D.C. Mar. 16, 2005)
(Friedman, J.) ....................8, 9

*Karmun v. Comm'r*,
749 F.2d 567 (9th Cir. 1984) ....................10

*Kinsella v. Bureau of Ocean Energy Mgmt.*,
No. CV 22-2147 (JMC), 2022 WL 16852674 (D.D.C. Nov. 10, 2022) (Cobb,
J.) ....................13

*Kotan v. Pizza Outlet, Inc.*,
400 F. Supp. 2d 44 (D.D.C. 2005) (Lamberth, J.) ....................12

*Montgomery v. STG Int'l, Inc.*,
532 F. Supp. 2d 29 (D.D.C. 2008) (Roberts, J.) ....................4, 13, 14, 15

*Nader v. Sec'y of the Air Force*,
648 F. Supp. 3d 64 (D.D.C. 2022) (Moss, J.) ....................3

*Nat'l Ass'n for Home Care & Hospice, Inc. v. Burwell*,
77 F. Supp. 3d 103 (D.D.C. 2015) (Cooper, J.)....................13

*Rodriguez v. Pan Am. Health Org.*,
502 F. Supp. 3d 200 (D.D.C. 2020) (Boasberg, J.)....................4

*In re Savage*,
218 B.R. 126 (B.A.P. 10th Cir. 1998)....................10

*Seales v. Panamanian Aviation Co.*,
No. 07-CV-2901(CPS)(CLP), 2009 WL 395821 (E.D.N.Y. Feb. 18, 2009),
*aff'd sub nom. Seales v. Panamanian Aviation Co.*, 356 F. App'x 461 (2d Cir.
2009) ....................12

*Sebelius v. Cloer*,
569 U.S. 369 (2013)....................8

*Smith v. Yeager*,
234 F. Supp. 3d 50 (D.D.C. 2017) (Walton, J.).................... *passim*

*Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*,
196 F. Supp. 2d 21 (D.D.C. 2002) (Bates, J.)....................13

*United States v. Jackson*,
511 F. App'x 200 (3d Cir. 2013) ....................7

*United States v. Philip Morris USA Inc.*,
801 F.3d 250 (D.C. Cir. 2015)....................6

*United States v. Woodward*,
256 U.S. 632 (1921)....................11

*Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*,
928 F. Supp. 2d 863 (E.D. Va. 2013) ....................8

*Winnett v. Comm'r*,
96 T.C. 802 (1991)....................10

**Statutes**

26 U.S.C. § 6039F....................11

26 U.S.C. § 7701(a)(30)....................6

26 U.S.C. § 7701(a)(39)....................6, 12, 14

26 U.S.C. § 7701(b)(1)(A)....................6

28 U.S.C. § 1402....................9

28 U.S.C. § 1404(a) .......... *passim*

28 U.S.C. § 1406(a) .......... 3

**Other Authorities**

26 C.F.R. § 28.2801-6 .......... 6

Black's Law Dictionary (12th ed. 2024) Accrue .......... 11

Black's Law Dictionary (12th ed. 2024) Void .......... 7

Fed. R. Civ. Pro. 12(b)(1) .......... 2, 5

Fed. R. Civ. Pro. 12(b)(2)–(5) .......... 5

Fed. R. Civ. Pro. 12(b)(3) .......... 2, 3, 4, 6

Fed. R. Civ. Pro. 12(h)(1) .......... 4

Fed. R. Civ. Pro. 12(h)(1)(B)(i) .......... 5

Fed. R. Civ. Pro. 41(a)(2) .......... 2

Form: Ogden, Utah. Dep't of the Treasury, 2015 Instructions for Form 3520, https://www.irs.gov/pub/irs-prior/i3520--2015.pdf .......... 10

U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics at 2, 25 (June 30, 2025), *available at* https://www.uscourts.gov/data-news/data-tables/2025/06/30/federal-court-management-statistics/n-a-1 .......... 14

## I. INTRODUCTION

Because Plaintiff Antonio Cesar Fuentes, a U.S. citizen living abroad, does not want this suit in the District of Columbia, he has moved to dismiss for improper venue or, in the alternative to transfer back to Western District of Texas, where he filed his Complaint. Fuentes fought—and lost—against the United States' Motion to Transfer the Venue to the District of Columbia. The Court should deny his motion to dismiss on improper venue grounds because:

1. Fuentes waived an improper venue argument through delay and conduct; and
2. The District of Columbia is the proper venue under federal law because Fuentes is a U.S. citizen living abroad (and the law-of-the-case doctrine should be respected).

With his alternative request to transfer venue, and to force the United States to invoke a different venue statute, Fuentes has concurrently sought to voluntarily dismiss his original 2010 refund claim to sidestep the law-of-the-case doctrine. But even under a discretionary transfer statute, this matter should remain here for four reasons:

1. Fuentes cannot dismiss his original claim because any abatement action by the IRS was void;
2. Viewing only Fuentes's original suit, the District of Columbia is the only proper venue;
3. Viewing only the counterclaim, which would invoke a different venue statute, the District of Columbia is still a proper venue; and
4. The private and public interests weigh against transferring.

## II. BACKGROUND

Antonio Cesar Fuentes, a U.S. citizen, has sued the United States to recover a 2010 civil tax penalty. Compl. ¶ 6, Nov. 25, 2024, ECF No. 1. In doing so, he chose to file his suit in the Western District of Texas. *See generally* Compl. But he does not live in Texas—and never has. *Id*. ¶ 9. He grew up in Ciudad Juárez, Mexico. *Id*. ¶ 8. Plaintiff "has never owned a home in the United States. He has ***always lived*** in Mexico." *Id*. ¶ 9 (emphasis added).

Then in late February 2025, the United States moved to transfer venue, or in the alterative to dismiss for improper venue. ECF No. 5. Despite Fuentes's opposition to have the suit remain in El Paso, the District Court for the Western District of Texas transferred this suit here to the District of Columbia. *Fuentes v. United States*, No. EP-24-CV-423-KC, 2025 WL 1300065, at *5 (W.D. Tex. May 6, 2025). After undergoing careful analysis, the District Court held that Fuentes, as a U.S. citizen living abroad, is a resident of the District of Columbia for tax cases. *Id*. at *3 ("In sum, United States citizens residing outside of the country are deemed to be residents of the District of Columbia for purposes of determining jurisdiction under Title 26.").

Since this matter was transferred on May 7, 2025, Fuentes has engaged in the following conduct before filing his instant Motion to Dismiss for Improper Venue under Rule 12(b)(3):

| **Filing** | **Date** | **ECF No.** |
|---|---|---|
| Motion for Pro Hac Vice | May 30, 2025 | 15 |
| Answered to United States' Original Counterclaim | June 2, 2025 | 16 |
| Rule 12(b)(1) Motion to Dismiss Counterclaim | August 5, 2025 | 17 |
| Notice of Appearance | September 5, 2025 | 19 |
| Rule 41(a)(2) Motion to Dismiss | September 5, 2025 | 20 |

According to Fuentes in a separate filing, the IRS "abated" Fuentes's 2010, 2011, 2012, and 2015 civil penalties.[1] The IRS did so improperly on the following dates:

| **Tax Year** | **Date of Purported Abatement** |
|---|---|
| 2010 | April 21, 2025 |
| 2011 | April 21, 2025 |
| 2012 | July 21, 2025 |
| 2015 | July 21, 2025 |

[1] For a more robust discussion, the United States has filed a Response to Fuentes's Motion to Dismiss for Lack of Jurisdiction. ECF No. 23.

Mot. to Dismiss the United States' First Am. Counterclaim for Lack of Subject Matter Juristion (sic) ¶¶ 11–14, Sept. 9, 2025, ECF No. 22. Fuentes then received his refund by the end of July 2025. First Am. Countercl. ¶ 20, Aug. 19, 2025, ECF No. 18.

Fuentes now moves to either dismiss suit this suit for improper venue, or in the alternative, transfer back to the Western District of Texas. Pl.'s Mot. to Dismiss for Improper Venue, Sept. 8, 2025, ECF No. 21. Fuentes reasons El Paso is more convenient because "all of the parties, witnesses and counsel (other than counsel for the United States) live and work near the federal courthouse in El Paso." Pl.'s Mot. to Dismiss for Improper Venue 6. The Court should deny his motion.

## III. LEGAL STANDARD

### A. Current Venue Improper: Dismissal or Transfer

Under Rule 12(b)(3), a party may move to dismiss an action based on improper venue. Fed. R. Civ. P. 12(b)(3). "If the Court concludes that venue is improper, it must then decide whether to dismiss the action or to transfer the case to a district where it could initially have been instituted." *Nader v. Sec'y of the Air Force*, 648 F. Supp. 3d 64, 67 (D.D.C. 2022) (Moss, J.).

"Before dismissing a case for want of proper venue, a district court should consider whether the interest of justice standard warrants transfer." *Gage v. Somerset Cnty.*, 369 F. Supp. 3d 252, 258 (D.D.C. 2019) (Kollar-Kotelly, J.) (citation omitted); *see also* 28 U.S.C. § 1406(a).

### B. Current Venue Proper: Discretionary Transfer

"A case may be transferred to another venue under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, in the interest of justice." *Fanning v. Trotter Site Preparation, LLC*, 668 F. Supp. 2d 60, 62 (D.D.C. 2009) (cleaned up). "The moving party has

the burden of establishing that a transfer is proper." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008) (Roberts, J.).

A "district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)). If the transferee court is one where the action could have been brought, then the Court "uses its broad discretion to balance case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." *Smith v. Yeager*, 234 F. Supp. 3d 50, 56 (D.D.C. 2017) (Walton, J.).

## IV. ARGUMENT

Either under a Rule 12(b)(3) or a § 1404(a) analysis, this matter should remain in the District of Columbia.

### A. Fuentes cannot challenge improper venue because he (1) waived this argument and (2) the District of Columbia is the proper venue

Although Fuentes invites the Court to dismiss this suit because the current venue is "improper," the Court can decline for two reasons. First, he waived his argument that the venue is improper. Second, the District of Columbia is in fact a proper venue.

#### *1. Fuentes waived his improper venue privilege by waiting too long and through his conduct*

A party may waive a motion to dismiss for improper venue. Fed. R. Civ. Pro. 12(h)(1); *Rodriguez v. Pan Am. Health Org.*, 502 F. Supp. 3d 200, 232 (D.D.C. 2020) (Boasberg, J.) (holding that a § 1406 motion is premised on the defense of improper venue under Rule 12(b)(3)). "An objection to personal jurisdiction and venue may be waived by submission in a cause through conduct." *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994) (Friedman, J.) (cleaned up).

Fuentes has waived his objection to venue by failing to assert it in his "first defensive move." *See George Washington Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996) (Lamberth, J.). Fuentes lost his "personal privilege" to challenge venue because he failed "to assert it seasonably, by formal submission in a cause, or by submission through conduct." *See Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 245 (D.D.C. 2007) (Kollar-Kotelly, J.). Either tardiness or conduct waives his venue challenge. Fuentes did both.

He was not timely. This matter has been before this Court since May. Fuentes did not seek to transfer this venue until five months later. By the end of July, the IRS had already improperly abated all his four tax years. Mot. to Dismiss the United States' First Am. Counterclaim for Lack of Subject Matter Juristion (sic) ¶¶ 11–14. Yet Fuentes waited another six weeks. In sum, he failed to assert his venue challenge seasonably. *See Dehaemers*, 522 F. Supp. 2d at 245.

Fuentes also waived his ability to challenge an improper venue through his submitted conduct. He submitted five filings before moving to Dismiss for Improper Venue. *See* ECF Nos. 15, 16, 17, 19, 20. One of those filings was his filing a Rule 12(b)(1) motion back in August. *Compare* Fed. R. Civ. Pro. 12(h)(1)(B)(i) ("A party waves any defense listed in Rule 12(b)(2)–(5) failing to . . . make it by motion under this rule") *with* Mot. to Dismiss Counterclaim for Lack of Jurisdiction, Aug. 5, 2025, ECF No. 17. That, too, dooms his venue challenge. *See Dehaemers*, 522 F. Supp. 2d at 245.

2. *The District of Columbia is the proper venue*

Despite Fuentes's claims to the contrary, the District of Columbia is a proper venue for this tax suit involving a U.S. citizen living abroad, as already decided in this case. *Fuentes*, 2025 WL 1300065, at *5 ("In sum, United States citizens residing outside of the country are deemed to be residents of the District of Columbia for purposes of determining jurisdiction under Title

26."); *see also Fla. Bankers Ass'n v. U.S. Dep't of the Treasury*, 799 F.3d 1065, 1068 (D.C. Cir. 2015) ("The Tax Code is located in Title 26 of the U.S. Code."). The transferor court relied on 26 U.S.C. § 7701(a)(39), and expressly held that U.S. citizens like Fuentes living abroad "shall be treated as residing in the District of Columbia . . . ." *Fuentes*, 2025 WL 1300065, at *2.[2]

The transferor court's holding that the District of Columbia is the only proper venue should also not be disturbed. The law-of-the-case doctrine recognizes that holdings "involved in later phases of a lawsuit should not re-open questions decided." *United States v. Philip Morris USA Inc.*, 801 F.3d 250, 257 (D.C. Cir. 2015). The Supreme Court has cautioned that needless litigation would arise if a later court revisited the transfer decision. "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Thus, as decided by the previous ruling, the District of Columbia is a proper venue. *Fuentes*, 2025 WL 1300065, at *5.

**B. Under § 1404(a) the District of Columbia is still the proper forum**

Unlike a Rule 12(b)(3) or § 1406 Motion to for Improper Venue, a party at any time can request a transfer under § 1404(a). *Smith v. Yeager*, 234 F. Supp. 3d 50, 56 (D.D.C. 2017) (Walton, J.).[3] "As a threshold matter, a district court must determine that the proposed transferee court is located in a district where the action might have been brought." *Smith v. Yeager*, 234 F.

[2] The regulation that addresses the form to use to report foreign gifts—the issue in this suit—specifically cross-references another definition. 26 C.F.R. § 28.2801-6 ("For purposes of this provision, a U.S. person is as defined in section 7701(a)(30) of the Code and includes a U.S. resident within the meaning of section 7701(b)(1)(A) of the Code.").

[3] Even under a § 1404(a) analysis, the law-of-the-case doctrine should control to permit the District of Columbia as the forum for this suit. *See Philip Morris USA Inc.*, 801 F.3d at 257.

Supp. 3d 50, 55 (D.D.C. 2017) (Walton, J.) (cleaned up). This suit could not have been originally brought in the Western District of Texas.

While § 1404(a) requires the Court to analyze "where ***it*** might have been brought," this poses the question: does "it" mean the original suit filed by a plaintiff or does "it" mean only the remaining counterclaim after a plaintiff voluntarily dismisses his original claim? In either scenario, the Western District of Texas is not the proper forum.

*1. Fuentes's original claim still exists and thus the District of Columbia is the proper venue*

Before delving into analyzing § 1404(a), the Court must address whether Fuentes can voluntarily dismiss his original 2010 refund claim. *See* Pl.'s Mot. to Voluntarily Dismiss, Sept. 5, 2025, ECF No. 20. As stated in the United States' Response to that motion, Fuentes cannot dismiss his suit because the IRS's actions lacked legal force. Resp. to Pl.'s Mot. to Voluntarily Dismiss, Sept. 17, 2025, ECF No. 24; *see also JPM Rest., LLC v. United States*, No. 1:24-CV-357, 2025 WL 2176508, at *3 (E.D. Tenn. July 31, 2025) ("Without authorization from the Attorney General or its agents, the IRS's 'erroneous approval' lacked legal force."). The IRS's action lacked legal force because the IRS has referred this entire matter to the DOJ. Thus, any IRS actions to abate the penalties at issue "were void because they were made without authorization from the DOJ." *See United States v. Jackson*, 511 F. App'x 200, 203 (3d Cir. 2013); *see also* IRM 34.8.2.12 ("Any abatement of unpaid tax made by the Service for a liability that has been referred to Justice must be authorized by Justice or it will be void.").

Because the IRS's abatements were void, they had "no legal effect." Void, Black's Law Dictionary (12th ed. 2024). With no legal effect, Fuentes's original action is still live. And Fuentes's original claim could have only been brought in the District of Columbia, as already discussed and decided.

2. *Viewing only Fuentes's original suit, the District of Columbia is the only proper venue*

To begin to analyze § 1404(a), "statutory terms are generally interpreted in accordance with their ordinary meaning." *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013). The Supreme Court has interpreted § 1404(a)'s ordinary, normal meaning. "In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed ***when suit was instituted***." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (emphasis added and citation omitted). Over sixty years ago, the Supreme Court explained that § 1404(a) has no bearing on a defendant's subsequent conduct. *Id*. Rather, § 1404(a) directs courts to look at whether a plaintiff's original suit could have been brought in the proposed transferee district:

> If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where (the action) might have been brought." If he does not have that right***, independently of the wishes of defendant***, it is not a district "where it might have been brought, ***and it is immaterial that the defendant subsequently*** (***makes himself subject***, by consent, waiver of venue and personal jurisdiction defenses ***or otherwise***, to the jurisdiction of some other forum)."

*Id.* at 344 (citation omitted) (emphasis added).

Indeed, federal courts throughout the country—including the District of Columbia—have followed this guidance. *See, e.g.*, *Com. Lighting Prods., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976) ("[T]he Supreme Court held that a transfer under section 1404(a) was only proper if the transferee district was one in which the plaintiff could have filed suit originally."); *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co*., 928 F. Supp. 2d 863, 868 (E.D. Va. 2013) ("In order to determine whether the transferee court is a district where the cause of action 'might have been brought,' the Court must determine whether Plaintiff's claims could have been brought in the transferee court initially."); *Jumpit, AS v. Why ASAP, LLC*, No. CIV.A. 04-1079

(PLF), 2005 WL 607914, at *2 (D.D.C. Mar. 16, 2005) ("The assertion of a counterclaim by the defendant, therefore, does not bear on the Court's consideration of whether plaintiff might have brought suit in the proposed transferee district in the first place.") (Friedman, J.).

With the Supreme Court's guidance as a framework, the consideration of whether Fuentes "might have brought suit in the proposed transferee district [of the Western District of Texas] in the first place" has been decided. *See Jumpit, AS*, 2005 WL 607914, at *2; *Fuentes*, 2025 WL 1300065, at *5. He could not. It could only be the District of Columbia.

*3. <u>Viewing only the counterclaim, which would invoke a different venue statute, the District of Columbia is still a proper venue</u>*

Although the Supreme Court "has made clear that the appropriate inquiry under Section 1404(a) is where a case might have been brought considering the situation as it existed ***when the case was originally filed***," the Court should still not transfer this matter to the Western District of Texas by looking at only the counterclaim. *See Jumpit, AS*, 2005 WL 607914, at *2 (emphasis in original).

Refund suits such as this must be filed in the "judicial district where the plaintiff resides." 28 U.S.C. § 1402. But Fuentes has sought to manipulate the circumstances by seeking to voluntarily dismissing his own refund claim for 2010 to try to change the venue statute from § 1402 to § 1396. When the United States is the plaintiff, § 1396 controls:

> Any civil action for the collection of internal revenue taxes may be brought in the district where [1] the liability for such tax accrues, [2] in the district of the taxpayer's residence, or [3] in the district where the return was filed.

§ 1396. As discussed above, Fuentes's residence, as a U.S. citizen living abroad, is the District of Columbia. *Fuentes*, 2025 WL 1300065, at *5. The other two situations in § 1396, which also command the same result, will be discussed in reverse order.

(i) ***<u>The District of Utah is where the return was filed</u>***

Fuentes artfully states: "The Forms 3520 were mailed to the Internal Revenue Service from Soto's office in El Paso." Pl.'s Mot. to Dismiss for Improper Venue 6. But Fuentes fails to mention ***where*** he the IRS received the returns. The Form 3520, the form required to report foreign gifts, has instructions on where to send the Form: Ogden, Utah. Dep't of the Treasury, 2015 Instructions for Form 3520, https://www.irs.gov/pub/irs-prior/i3520--2015.pdf ("Send Form 3520 to the Internal Revenue Service Center, P.O. Box 409101, Ogden, UT 84409."); I.RM. 20.1.9.1.5(7)("[C]ertain information returns must also be separately filed with the IRS campus site identified in the instructions for such form . . . . [such as] Form 3520 . . . ."); *see also* Compl. ¶¶ 23, 24, 27 (discussing Form 3520).

To be sure, a return is "filed," not from where it originates, but where the IRS receives the return. *Karmun v. Comm'r*, 749 F.2d 567, 568 (9th Cir. 1984) ("Taxpayers Harry and Alice Karmun, who are natives of Alaska, filed federal income tax returns for 1977 and 1978 with the Internal Revenue Service Center in Ogden, Utah."); *In re Savage*, 218 B.R. 126, 129 (B.A.P. 10th Cir. 1998) ("It is undisputed that, due to the Debtor's residency in Wyoming, the IRS's Ogden, Utah servicing center was the appropriate place for the Debtor's tax returns to be filed."); *Winnett v. Comm'r*, 96 T.C. 802, 808–09 (1991) (holding that a return is not "filed" until it is received by the Service Center designated to receive such return, and that a return erroneously filed in Ogden, Utah was not "filed" until it had been routed to the Philadelphia Service Center). And the return's filing location is the required one. *See Winnett*, 96 T.C. at 809 ("Even though employees of the Ogden and Philadelphia Service Centers may have considered the return filed on the first date it was received by a service center (albeit the wrong service center), [the IRS] is

not bound by such error.”). Thus, the Western District of Texas is still not the proper forum based on where the return was filed.

(ii) ***the liability for such tax accrued in the District of Utah***

Accrue means “[t]o come into existence as an enforceable claim or right.” Accrue, Black’s Law Dictionary (12th ed. 2024); *United States v. Woodward*, 256 U.S. 632, 635 (1921) (“‘[A]ccrued’ which means became due.”).

The penalty under§ 6039F occurs only when a taxpayer, like Fuentes, fails to ***furnish*** the requisite information ***to*** the IRS. As Fuentes acknowledges, 26 U.S.C. § 6039F penalizes a United States person who “fails to furnish the [foreign gift] information.” § 6039F(c)(1); *see also* Compl. ¶ 37. Thus, the liability became due, or accrued, the moment Fuentes failed to timely file his Form 3520 in Ogden, Utah. *See* I.RM. 20.1.9.1.5(7). For this reason, again, the Western District of Texas is not the correct venue.

*4. The private and public interests weigh against transferring*

Even if the Court were to decide that the Western District of Texas is a venue where the United States could have filed its counterclaims originally, the Court must still evaluate private and public interest factors to decide whether the transfer should occur. *Smith*, 234 F. Supp. 3d at 55.

| Private Interest | Public Interest |
|---|---|
| (1) The Parties’ Choice of Forum and Where the Claims Arose | (1) The Relative Congestion of the Transferee and Transferor Courts |
| (2) The Convenience of the Parties and Witnesses and the Ease of Access to Sources of Proof | (2) The Local Interest in Deciding Local Controversies at Home |

*Smith*, 234 F. Supp. 3d at 58–60. On balance, the interests tilt toward remaining in the District of Columbia.

(i) ***<u>The Parties' Choice of Forum and Where the Claims Arose: Weighs in Favor of Not Transferring</u>***

Generally, the non-movant's "choice of forum is given substantial deference, and therefore, the movant requesting a transfer of venue bears a heavy burden of establishing that [non-movant's] choice of forum is inappropriate." *Smith*, 234 F. Supp. 3d at 58 (cleaned up).

If the United States originally filed this suit, the United States would have filed this suit in the District of Columbia. Fuentes is a U.S. citizen living abroad. *See* § 7701(a)(39). The claims arose in Mexico (where Fuentes and his father resided). Compl. ¶¶ 7, 9, 17. And Fuentes never alleges that he visited with El Paso attorney in person; simply that Fuentes "relied" on his advice. Compl. ¶ 25. Thus, this interest tilts to remaining in the District of Columbia.

(ii) ***<u>The Convenience of the Parties and Witnesses and the Ease of Access to Sources of Proof: Neutral</u>***

"Unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." *Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 50 (D.D.C. 2005) (Lamberth, J.). Thus, "for this factor to weigh in favor of transfer, litigating in the transferee district must not merely shift inconvenience to the plaintiffs, but rather should lead to an overall increase in convenience for the parties." *Smith*, 234 F. Supp. 3d at 59 (citation omitted).

But Fuentes only wants it "convenient" for himself. Fuentes espouses that El Paso is more convenient because "all of [1] the parties, [2] witnesses and [3] counsel (other than counsel for the United States) live and work near the federal courthouse in El Paso." Pl.'s Mot. to Dismiss for Improper Venue 6. Fuentes has not shown that these three groups' convenience should result in a transfer.

First, Fuentes, as a party, does not reside in El Paso, Texas. Compl. ¶ 9. Thus, his preference should be given little deference. *See, e.g.*, *Seales v. Panamanian Aviation Co*., No. 07-CV-2901(CPS)(CLP), 2009 WL 395821, at *11 (E.D.N.Y. Feb. 18, 2009), *aff'd sub nom. Seales v. Panamanian Aviation Co*., 356 F. App'x 461 (2d Cir. 2009) ("Because plaintiff was living abroad at the time this action was commenced, the deference due to his choice of a New York forum is diminished."). Fuentes asserts that his "home in Juarez is located approximately 7 miles from the federal courthouse in El Paso." Pl.'s Mot. to Dismiss for Improper Venue ¶ 5. But he "provides no evidentiary support for its assertion, such as affidavits or declarations." *Nat'l Ass'n for Home Care & Hospice, Inc. v. Burwell*, 77 F. Supp. 3d 103, 110 (D.D.C. 2015) (Cooper, J.).

Second, Fuentes has not shown that third-party witnesses will be inconvenienced by having this matter in the District of Columbia. Fuentes asserts of no other third-party witnesses than one El Paso-based attorney. Pl.'s Mot. to Dismiss for Improper Venue ¶¶ 8, 10. But Fuentes's assertion lacks any support. "To support its request for transfer under section 1404(a), a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction." *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc*., 196 F. Supp. 2d 21, 33 (D.D.C. 2002) (Bates, J.). As the party bearing the burden, Fuentes provides no affidavit of what this one witness will testify to, his importance, and whether this El Paso-based attorney would travel to the District of Columbia. *See Montgomery*, 532 F. Supp. 2d at 32. Without an affidavit, Fuentes cannot meet his burden.

Third, the location of Fuentes's counsel has no bearing in a § 1404(a) analysis. *Kinsella v. Bureau of Ocean Energy Mgmt*., No. CV 22-2147 (JMC), 2022 WL 16852674, at *4 (D.D.C.

Nov. 10, 2022) (Cobb, J.) ("[T]he location of the parties' attorneys is not relevant to the transfer inquiry.").

Thus, Fuentes has failed to meet his burden on this interest factor. *See Montgomery*, 532 F. Supp. 2d at 32.

(iii) ***The Relative Congestion of the Transferee and Transferor Courts: Weighs in Favor of Not Transferring***

"In this District, potential speed of resolution is examined by comparing the median filing times to disposition in the courts at issue." *Smith*, 234 F. Supp. 3d at 60 (cleaned up). According to the latest statistics for federal judicial caseloads, the median filing-to-disposition period for the District of Columbia was 7.5 months while for the Western District of Texas was 7.8 months. U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics at 2, 25 (June 30, 2025), *available at* https://www.uscourts.gov/data-news/data-tables/2025/06/30/federal-court-management-statistics/n-a-1.

| **Median Filing-to-Disposition Period (in Months)** | | | | | | | |
|---|---|---|---|---|---|---|---|
| District Court | Jun 30 2020 | Jun 30 2021 | Jun 30 2022 | Jun 30 2023 | Jun 30 2024 | Jun 30 2025 | **Average** |
| District of Columbia | 5.3 | 4.8 | 5.7 | 4.7 | 5.6 | 7.5 | **5.6** |
| Western District of Texas | 6.3 | 7.7 | 8.4 | 7.4 | 7.5 | 7.8 | **7.5** |

But when comparing the average over the last six years, the median filing-to-disposition period for the District of Columbia was 5.6 months while for the Western District of Texas was 7.5 months. *See id*. Thus, this interest weighs in favor of not transferring.

(iv) ***The Local Interest in Deciding Local Controversies at Home: Weighs in Favor of Not Transferring***

As a U.S. citizen living abroad, El Paso is not Fuentes's home. Thus, no local interest exists there. In contrast, the District of Columbia—a venue to adjudicate U.S. citizens living abroad—has more of a local interest. *See* § 7701(a)(39).

Each of the private and public interest factors are at neutral at worst or weigh in favor of not transferring at best.

## V. CONCLUSION

The Western District of Texas is the wrong venue for this suit. Fuentes has not met his burden to warrant disturbing the prior court's ruling. *See Montgomery*, 532 F. Supp. 2d at 32. In sum, the Court should deny his motion to dismiss or transfer venue.

*/s/ Christian A. Orozco*
Christian A. Orozco
Attorney-in-Charge
Texas State Bar No. 24107886
Trial Attorney – Tax Division
U.S. DEPARTMENT OF JUSTICE
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
Phone: 214-880-9757
Fax: 214-880-9741
Christian.A.Orozco@usdoj.gov

Attorney for the United States of America

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record with electronic filing on September 17, 2025.

*/s/ Christian A. Orozco*
Christian A. Orozco
Trial Attorney, Tax Division