**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' FIRST AMENDED COUNTERCLAIM FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Antonio Cesar Fuentes (hereinafter referred to as "Fuentes") has moved to voluntarily dismiss his complaint because he has received the relief he was seeking in the complaint, specifically a refund of the 2010 civil penalty that he paid to the Internal Revenue Service. ECF No. 20. After filing his complaint, the Internal Revenue Service abated the 2010 civil penalty, refunded Fuentes' money and released its lien thereby rendering Fuentes' complaint moot and leaving only the United States' First Amended Counterclaim.

The proper venue for a suit filed by the government to collect taxes is determined by reference to a different statute than a suit filed by a taxpayer seeking a refund of taxes. The United States' First Amended Counterclaim seeking to collect taxes is governed by 28 U.S.C. §1396 ("Internal Revenue Taxes") whereas Fuentes' Complaint seeking a refund of taxes was governed by 28 U.S.C. §1391 ("Venue Generally").

Under Section 1396, venue for the United States' First Amended Counterclaim is not proper in the District of Columbia. However, venue is proper in the Western District of Texas. Inexplicably, the United States has refused to consent to a transfer to the Western District of Texas.

Accordingly, Fuentes has moved to dismiss the United States' First Amended Counterclaim with prejudice, or in the alternative, transfer venue to the Western District of Texas.

A. Motion to Dismiss for Improper Venue:

1. In its response, the United States first argues that Fuentes cannot challenge venue because he waived the argument by not timely objecting to venue and by his conduct. Both of these arguments must fail.

a. The United States' First Amended Counterclaim is the relevant pleading. ECF No. 18. As the Court is well aware, the First Amended Counterclaim supersedes and replaces the original counterclaim and is the operative document for all substantive purposes. Fuentes timely objected to the United States' First Amended Counterclaim and moved to dismiss it for improper venue, or in the alternative transfer venue, in his very first responsive pleading. ECF No. 21. Therefore, his objection to venue was timely.

b. The United States also argues Fuentes waived his objection to venue by his conduct. That argument ignores the effect of an amended pleading and is disingenuous considering the United States points to such conduct as the undersigned counsel's motion to appear pro hac vice (ECF No. 15 – which is not a responsive pleading and was filed before the first amended counterclaim), Fuentes pro se answer to the United States original counterclaim wherein he denied venue is proper in the District of Columbia (ECF No. 16, Answer to Counterclaim, at Page 2, ¶2 – which objected to venue and was filed before the first amended counterclaim), Fuentes' pro se Motion to Dismiss the United States original counterclaim for mootness (ECF No. 17 – filed before the first amended counterclaim), the undersigned counsel's Entry of Appearance (ECF No. 19 – which is not a responsive pleading), and Fuentes's motion to dismiss his own complaint (ECF No.

20 – which is not a responsive pleading). Clearly, Fuentes did not waive his objection to venue by any of these pleadings.

2. The United States next argues that venue is proper in the District of Columbia because the District Court for the Western District of Texas previously treated Fuentes as a resident of the District of Columbia. However, that holding is clearly distinguishable and has no bearing on the issue now before the Court. The "law of the case doctrine" urged by the United States is not applicable. This is why:

a. First, as a preliminary matter, Fuentes has moved to voluntarily dismiss his complaint because it is moot, leaving only the United States' First Amended Counterclaim.

b. Second, under the controlling venue statute for the collection of taxes, venue for the United States' First Amended Counterclaim is not proper in the District of Columbia because Fuentes is not actually a resident of the District of Columbia, the liability for the penalties at issue did not accrue in the District of Columbia, and the Forms 3520 were not filed in the District of Columbia.

c. Third, the District Court's previous decision treating Fuentes as a resident of the District of Columbia was limited to the issue before the Court, that is the proper venue for Fuentes' original complaint seeking a <u>refund</u> of taxes. The United States admits, as it must, that Fuentes' complaint seeking a refund of taxes was governed by a different venue statute (28 U.S.C. § 1391) than the statute that governs the United States' First Amended Counterclaim seeking to <u>collect</u> taxes (28 U.S.C§ 1396). The District Court's previous decision "treating" Fuentes as a resident of the District of Columbia is limited to tax refund suits involving venue under 28 U.S.C. § 1391, which according to the United States can only be brought in the judicial district where the plaintiff resides and nowhere else. Section 1391, therefore, requires ***some*** residency in the United

States in order for a plaintiff to file suit for a refund in a district court in the United States. On the other hand, Section 1396, which governs venue in tax collection cases, lists three alternative bases to establish venue. Residency in some judicial district is not required under Section 1396. There is no need, no good reason, and no precedent for treating Fuentes as a hypothetical resident of the District of Columbia for purposes of Section 1396. Because Fuentes is not a resident of any State, venue has to be determined by another means, specifically by where the liability accrued or where the returns were filed. Neither happened in the District of Columbia.

d. Because Fuentes is not a resident of the District of Columbia, the liability did not accrue in the District of Columbia, and the returns were not filed in the District of Columbia, venue for the First Amended Complaint is not proper in the District of Columbia.

e. Because the District of Columbia is not a proper venue for the United States' suit to collect taxes, the United States' First Amended Counterclaim should be dismissed with prejudice.

B. Motion to Transfer Venue:

1. Under 28 U.S.C. section 1396, the governing venue statute, the Western District of Texas is a proper venue for the First Amended Counterclaim because it is the district where the liability accrued and where the information returns were filed. The following facts are undisputed:

a. Fuentes deposited the gifts he received from his father in his bank account in El Paso, Texas. ECF No. 1, ¶12.

b. Fuentes' board certified tax attorney, Alfonso Soto (hereinafter referred to as "Soto"), who prepared Fuentes' returns and on whom Fuentes relied, was located in El Paso, Texas. ECF No. 1, ¶18.

c. Fuentes met with Soto, at Soto's office in El Paso, Texas. Exhibit 1.

d. The Internal Revenue Service in Houston, Texas, notified Fuentes that he needed to file Form 3520 for tax years 2010, 2011, 2012 and 2015. ECF No. 1-4. The IRS notice was mailed to Fuentes at his mailing address in El Paso, Texas. The notice expressly directed Fuentes to send the completed Forms 3520 to the Internal Revenue Service in Houston, Texas. ECF No. 1-4, Pg. 2. Houston, Texas is located in the Sothern District of Texas.

e. The Forms 3520 were mailed from Soto's office in El Paso, Texas, to the Internal Revenue Service in Houston, Texas, the precise address where the IRS instructed Fuentes to file the returns. Clearly, the Southern District of Texas is a proper venue because the returns were filed in that district as directed by the Internal Revenue Service. This is not a case where the taxpayer mailed the returns to the wrong Service Center. However, despite the fact that the returns were mailed to Houston, Texas, as expressly directed by the Internal Revenue Service, the United States never mentions the Southern District of Texas as a proper venue. Why? Presumably, because of its proximity to El Paso. Instead, the United States argues that the returns were filed in Utah where IRS instructions tell taxpayers to file Form 3520. The District Court for District of Utah is located approximately 856 miles from El Paso, Texas.

f. The Forms 3520 listed Fuentes' address as: 7101 N. Mesa No. 350, El Paso, Texas 79912. ECF No. 1-5.

g. The Internal Revenue Service in Austin, Texas (located in the Western District of Texas) mailed the penalty notices for the failure to timely file Forms 3520 to Fuentes' mailing address in El Paso. ECF No. 1-6.

h. Fuentes paid the 2010 civil penalty using a check drawn on his bank account in El Paso, Texas. Exhibit 1.

i. Fuentes mailed the check in payment of the 2010 civil penalty from his counsel's office in El Paso, Texas. ECF No. 1-8.

j. Clearly, any liability for the penalties accrued in the Western District of Texas. Everything that happened, happened in the Western District of Texas. Furthermore, because mailing the returns is the equivalent of filing the returns under I.R.C.§ 7502, the returns were filed in the Western District of Texas. Hence, venue is proper in the Western District of Texas. Alternatively, the returns were filed in the Southern District of Texas where they were mailed as directed by the Internal Revenue Service.

2. In its response, the United States also argues that both private and public interests weigh against transferring venue to the Western District of Texas. Fuentes adamantly disagrees.

a. First, the United States alleges that it would have filed suit to collect the penalties at issue in the District of Columbia. Fuentes seriously doubts that statement given the relevant venue statute, the fact that all events occurred in the Western District of Texas, and the fact that all correspondence from the IRS was sent to Fuentes' address in El Paso.

b. The United States next argues Fuentes has not shown that the convenience of the parties, witnesses or counsel should result in a transfer. That argument is preposterous. The United States' argument ignores the objective reality of the situation and the undisputed logistics involved:

i. Parties:

1. <u>Fuentes</u>. The United States does not dispute the fact that the Western District of Texas would be a more convenient location for Fuentes. Instead, the United States argues that any inconvenience to Fuentes is irrelevant because, despite being a citizen of the United States, Fuentes resides in Juarez, Chihuahua Mexico. Somehow, according to the United

States, that negates consideration being given to Fuentes' convenience. Fuentes respectfully disagrees.

2. The United States. Historically, the United States' office in Dallas, Texas, regularly handles tax cases in the Western District of Texas. It would undoubtedly be more convenient for that office to have venue in the Western District of Texas.

ii. Witnesses:

1. Fuentes. It would obviously be far more convenient for Fuentes to have venue in the Western District of Texas (less travel, expense and time away from home) because Fuentes lives only about seven miles from the federal courthouse in El Paso. It would be a tremendous inconvenience for the case to be in heard in the District of Columbia. The needless inconvenience to Fuentes should matter.

2. Alfonso Soto. Likewise, it would obviously be far more convenient for Soto to have venue in the Western District of Texas (less travel, expense and time away from home) because Soto's office is located only about half a mile from the federal courthouse in El Paso. Soto is clearly a critical witness in this case. The United States argues Fuentes cannot prevail in his motion to transfer venue because Fuentes does not articulate exactly what Soto would testify to, the importance of his testimony or whether he would be willing to travel to the District of Columbia.

First, Fuentes does not know exactly what Soto will testify to. Soto's deposition has not been taken in this case. However, it is obvious that Soto will be asked, among other things (1) whether Fuentes was his client (2) whether he knew about the gifts Fuentes' father made to Fuentes, (3) when he knew (4) and why he did not timely file Forms 3520. Soto's testimony will be directly relevant to the single controlling issue in this case, that is, whether Fuentes had

reasonable cause for filing Forms 3520 late. The United States is well aware of Soto's importance having issued a subpoena for the production of documents to Soto requesting, among other things engagement agreements, invoices for work performed, copies of Forms 3520 and 1040, documents and communications concerning Forms 3520 and 1040, documents and communications concerning foreign gifts, tax opinion letters regarding foreign gifts, communications and documents concerning advice provided concerning foreign gifts, communications and documents concerning the advice provided Fuentes that he did or did not have to file Forms 3520.[1]

Second, Fuentes does not know whether Soto is willing to voluntarily travel to the District of Columbia. Clearly, Soto cannot be compelled by subpoena to travel to the District of Columbia as it is more than 100 miles from his residence. See Rule 45, Federal Rules of Civil Procedure. If Soto is unwilling to travel to the District of Columbia voluntarily, the parties will be without a key witness in this case. If Soto is willing to travel to the District of Columbia voluntarily, it will certainly be costly and inconvenient due to the logistics involved.

Clearly, Soto is a key witness in this case. His availability, convenience and expense is a factor that weight heavily in favor of a transfer to the Western District of Texas.

3. Rebuttal Witnesses. Depending on the testimony given by the known witnesses, there might obviously be a need to call rebuttal witnesses. There is no way of knowing at this juncture who the rebuttal witnesses might be. What is certain, however, is that no witnesses will be located in or anywhere near the District of Columbia. All witnesses will be located in or near the Western District of Texas because everything that happened, happened in El Paso, Texas. Those witnesses cannot be compelled by subpoena to travel to the District of Columbia. If any of those witnesses are willing to travel to the District of Columbia voluntarily,

[1] A copy of the subpoena has not been attached due to the confidential nature of the matters therein.

it goes without saying that traveling from El Paso to Washington D.C. will be costly and inconvenient. This factor weighs heavily in favor of a transfer to the Western District of Texas.

c. The United States argues that relative congestion of the transferee and transferor courts weighs in favor of not transferring venue. These arguments also lack merit.

i. According to the United States, the median filing to disposition period for the District of Columbia is a couple weeks faster than the Western District of Texas. That difference in time is de minimis, inconsequential and should be given no weight.

ii. The United States argues that there is no local interest in deciding this controversy in the Western District of Texas because Fuentes resides in Jaurez, Mexico. That argument is ludicrous. The City of El Paso and Ciudad Juarez are often described as twin cities or sister cities because of their proximity, shared cultural heritage and integrated metropolitan area. They are an example of many border cities that form a single, sprawling urban area, with the two cities merging into one metropolis. Residents of the Western District of Texas, including the many residents that have dual citizenship like Fuentes, are likely to receive gifts from relatives in Mexico that could trigger a Form 3520 filing requirement. Residents of the Western District of Texas clearly have an interest in the outcome of this litigation unlike residents of the District of Columbia.

In light of the foregoing, the convenience of the parties and witnesses and the interest of justice clearly justify a transfer of venue to the Western District of Texas.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Fuentes respectfully prays the Court:

1. Dismiss the United States' First Amended Counterclaim for improper venue.
2. In the alternative, transfer venue to the Western District of Texas.

Dated: September 23, 2025 Respectfully submitted

/s/ John Leeper
JOHN LEEPER
Counsel for Antonio Cesar Fuentes
Texas Bar No. 12156550
801 N. El Paso St., Suite 225
El Paso, Texas 79902
Tel. (915) 532-3447
Fax: (915) 532-3455
leeperjo@aol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Reply has been served on all counsel of record through electronic filing this 23rd day of September, 2025.

/s/ John Leeper
JOHN LEEPER