**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO CESAR FUENTES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-01387-RBW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant/Counter-Claimant. | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS THE UNITED STATES' FIRST AMENDED COUNTERCLAIM FOR LACK OF JURISDICTION**

The Internal Revenue Service assessed civil penalties against Antonio Cesar Fuentes (hereinafter referred to as "Fuentes") for filing Forms 3520 late for each of the years 2010, 2011, 2012, and 2015. Because he disagreed with the civil penalties, Fuentes filed Forms 843 with the Internal Revenue Service requesting a refund of the 2010 civil penalty that had been paid and requesting abatement of the 2011, 2012, and 2015 civil penalties that had not been paid. Fuentes' claim for refund and requests for abatement were each based on Fuentes having reasonable cause for filing the forms late, specifically his reliance on his qualified return preparer who was a board certified tax attorney.

Fuentes' claim for refund and requests for abatement were initially denied by the Internal Revenue Service Center for each of the years 2010, 2011, 2012, and 2015. Fuentes then appealed said denials to the Internal Revenue Service's Independent Office of Appeals. After considering Fuentes' appeal, the Internal Revenue Service abated the civil penalties for each year, finding reasonable cause for the failure to timely file Form 3520 in each year. Because the IRS abated the 2010 civil penalty and refunded Fuentes' money, Fuentes' complaint herein became moot. Fuentes

has therefore moved to voluntarily dismiss his complaint. ECF No. 20. Likewise, because the Internal Revenue Service determined Fuentes had reasonable cause for filing late in each of the years 2010, 2011, 2012 and 2015, abated the civil penalties for each year entirely, refunded all the monies applied to those penalties, and released the lien securing payment of the civil penalties, the United States' First Amended Counterclaim is also moot. ECF No. 22. Both the complaint and amended counterclaim are moot. But for the lawsuit filed by Fuentes, this matter would be over.

Ignoring the determination of reasonableness by its own client, the United States now argues that the Internal Revenue Service lacked legal authority to compromise the civil penalties at issue citing 26 U.S.C. 7122. As a result, the United States is now embroiled in this proceeding in a direct conflict with its own client and seeks to embroil this Court in the resolution of that conflict.

Assuming the United States prevails in that conflict, the single issue remaining in this case would be whether to uphold the Internal Revenue Service's determination that Fuentes had reasonable cause for filing Forms 3520 late for each of the years 2010, 2011, 2012 and 2015. In its response to Fuentes' motion to dismiss the first amended counterclaim for mootness, the United States does not argue that Fuentes did not have reasonable cause for filing Forms 3520 late nor does it argue that the Internal Revenue Service's finding of reasonable cause was erroneous. Instead, the United States argues only that the Internal Revenue Service, the agency that it represents and the agency that assessed the penalties in the first place, did not have legal authority to abate the penalties since the case is pending in this proceeding. Fuentes respectfully submits the determination by the Independent Office of Appeals should be given effect and the United States should be estopped from opposing its own client and its own client's determination.

The United States Supreme Court has long held that administrative agency determinations may be entitled to res judicata or collateral estoppel effect. The Supreme Court has held that "[w]hen an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 422, (1966) (superseded on other grounds) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 60 (1940) (other citations omitted). Relying on *Utah Construction and Mining*, the Supreme Court noted in *Astoria Fed'l Sav. and Loan Ass'n v. Solimino* that:

> We have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality.... Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution.

501 U.S. 104, 107–08, (1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, (1979)).

Fuentes respectfully submits the determination of the Independent Office of Appeals in this case should be given collateral estoppel effect under the relevant test set forth by the Supreme Court in *Utah Construction*. The case cited by the United States in opposition to Fuentes' argument (*Capitol Servs. Mgmt., Inc. v. Vesta Corp*., 933 F.3d 784, 794 (D.C. Cir. 2019)) did not involve a determination by an administrative agency and the test cited therein has no relevance to determinations by administrative agencies. Because the Internal Revenue Service's Independent Office of Appeals clearly acts in a quasi-judicial capacity, its determination that Fuentes had reasonable cause for filing late should be recognized and given effect.

It is worth noting that the Internal Revenue Service did not compromise the civil penalties for 2010, 2011, 2012 or 2015 under the authority of IRC § 7122. Rather, it abated the penalties altogether pursuant to the reasonable cause exception found in IRC § 6039F(c)(2). Fuentes did not submit a Form 656 required for an offer in compromise. Instead, Fuentes submitted a Form 843 requesting full refund and abatement of all of the civil penalties assessed for each year and then filed appeals to the Independent Office of Appeals.

The claims set forth in the United States' First Amended Counterclaim are moot. All penalties have been abated, all monies have been refunded, all liens have been released. This Court should not disturb the Internal Revenue Service's conclusion on the ultimate issue of fact and law in this case: Fuentes had reasonable cause for filing Forms 3520 late. The United States should be estopped from continuing to pursue a meritless claim that the Internal Revenue Service has already resolved. If not constitutionally moot, the claims set forth in the United States First Amended Counterclaim are clearly prudentially moot. Under the doctrine of prudential mootness, even if a court technically has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court should treat the case as moot for prudential reasons. *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985). Most circuits, including the District of Columbia, have adopted the doctrine of prudential mootness.[1] See also

[1] *See F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 14-15 (1st Cir. 2000); *Sierra Club v. U.S. Army Corps of Engineers*, 277 Fed. Appx. 170, 172-73 (3d Cir. May 14, 2008); *281-300 Joint Venture v. Onion*, 938 F.2d 35, 38 (5th Cir. 1991) (dismissing "on prudential grounds" where "there will never be any assets with which to satisfy a judgment")*, cert. denied*, 502 U.S. 1057 (1992)*; Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 379-80 (6th Cir. 2015); *Chamber of Commerce of U.S. of America v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980); *Lopez v. Griswold*, No. 22-1082, 2023 WL 1960802 (10th Cir. Feb. 13, 2023); *Nasoordeen v. F.D.I.C.*, 2010 WL 113588, at *6 (C.D. Cal. Mar. 17, 2010) (collecting cases applying prudential mootness doctrine within the Ninth Circuit).

*Winzler v. Toyota Motor Sales USA Inc.*, 681 F.3d 1208, 1211 (10th Cir. 2012)("We also take [government-supervised remedies] seriously because affording a judicial remedy on top of one already promised by a coordinate branch risks needless inter-branch disputes over the execution of the remedial process and the duplicative expenditure of finite public resources"). For "[e]ven when a case is not moot in the Article III sense, it will sometimes be 'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and withhold relief it has the power to grant.'" *Gordon v. Holder*, 85 F.Supp.3d 78, 81-82 (D.D.C. 2015)(quoting *Chamber of Commerce v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980).

**PRAYER FOR RELIEF**

Wherefore, premises considered, Fuentes respectfully prays the Court dismiss the United States' First Amended Counterclaim for lack of jurisdiction

Dated: September 24, 2025

Respectfully submitted

/s/ John Leeper

JOHN LEEPER
Counsel for Antonio Cesar Fuentes
Texas Bar No. 12156550
801 N. El Paso St., Suite 225
El Paso, Texas 79902
Tel. (915) 532-3447
Fax: (915) 532-3455
leeperjo@aol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Reply has been served on all counsel of record through electronic filing this 24th day of September, 2025.

/s/ John Leeper
JOHN LEEPER